COMMONWEALTH *vs.* JAMES F. MATTHEWS.

Worcester. October 5. — 22, 1880. COLT & MORTON, JJ., absent.

If a witness testifies to a fact, which it appears, on cross-examination, he does not know of his own knowledge, his testimony is incompetent, and the witness cannot be contradicted by evidence that he has incorrectly stated his information.

An order of the selectmen of a town to an officer, directing him to cause all saloons to be closed at a certain hour, and containing an intimation of an intent to prosecute offenders against the law in certain contingencies, is not a license to sell intoxicating liquors at times and under circumstances not mentioned in the order.

COMPLAINT to the First District Court of Eastern Worcester, under the Gen. Sts. *c.* 87, § 6, charging the defendant with keeping, from September 1, 1879, to February 9, 1880, at Westborough, a tenement used for the illegal sale and illegal keeping of intoxicating liquor, the same being a common nuisance.

At the trial in the Superior Court, before *Allen*, J., Louis J. Elwell, a deputy sheriff, testified for the government that he knew the defendant; that he kept a saloon and grocery in Spaulding's block in Westborough during the time named in the complaint; that, on January 31, 1880, the witness was at the place of business of the defendant and found two kegs of beer and twenty-four bottles; that there was a bar, a beer-pump and a sippio-table in a small room just off from the grocery; that the beer was in a cellar connected with the premises; that he took a sample of the beer and sent it to Boston; that it contained three and a half per cent of alcohol; that he found no other liquor except the beer on the premises; and that the beer was a species of lager.

On cross-examination, it appeared that the witness was not an expert in testing or analyzing beer; that his testimony as to the strength of the beer was based entirely upon a telegram from one James F. Babcock of Boston; and that the witness had not analyzed the beer, and had no personal knowledge of its alcoholic strength or percentage.

The defendant asked the witness if the telegram upon which his testimony was based did not say that the beer was not lager,

but somewhat lighter. The judge declined to allow the witness to answer. The defendant then offered in evidence the telegram addressed to and received by the witness, which was as follows : " Boston, March 11, 1880. Received at Westborough, Mass. To L. J. Elwell : Beer from James F. Matthews January 31 contains three and one half alcohol. Not lager somewhat lighter. James F. Babcock." The judge excluded it.

The defendant also offered in evidence the following writing, to show that he had the written authority of the town to sell and keep for sale the beer in question, and that no licenses other than the one contained in the writing were granted by the town during the time covered by the complaint : " Selectmen's Office, Westborough, January 1, 1880. To Louis J. Elwell, deputy sheriff. You are hereby ordered by the board of selectmen to cause the billiard-halls and other saloons to close their respective places of business at or before 10 o'clock P. M., and to suggest to them to conform to the laws regulating such places. The selling of beer or other intoxicating liquors to minors and persons receiving military, state or town aid, or any sale on Sunday, will be considered sufficient cause to proceed against any and all persons so offending under the nuisance act. Per order of Selectmen. Wm. Curtis, Chairman." Upon objection, this evidence was excluded.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*W. A. Gile*, for the defendant.

*G. Marston*, Attorney General, for the Commonwealth.

AMES, J. It was entirely within the ordinary rules of evidence to allow the witness Elwell to testify as to what he found at the defendant's place of business, and to give a general description of the place and of the mode in which it was furnished. He had a right also to testify that the beer which he found there was a species of lager, which was merely another mode of saying that it resembled, or appeared to him to be, lager beer. In saying, however, that it contained three and a half per cent of alcohol, the cross-examination showed that he spoke without actual knowledge, and relied upon information conveyed to him by a telegram from another person. That is to say, his testimony upon that particular point was mere hearsay, and

was therefore incompetent and irrelevant. The fact that the defendant did not object to it does not render the telegram admissible in his favor, or give him the right to contradict hearsay evidence by other evidence of the same character. The presiding judge, in the exercise of his discretion, might rightfully exclude the telegram. *Mowry* v. *Smith*, 9 Allen, 67. *Commonwealth* v. *Fitzgerald*, 2 Allen, 297. *Parker* v. *Dudley*, 118 Mass. 602. It does not contradict the witness's testimony that the beer appeared to him to be lager, as it did not appear that his opinion on that point was based upon or derived from the telegram.

The order of the selectmen to the deputy sheriff, although it was an intimation of an intent to prosecute offenders against the license law, in certain contingencies, had no effect as a license.                              *Exceptions overruled.*