MICHAEL FREEMAN, JR. *vs.* CITY OF BOSTON.

Suffolk. January 9, 1900. — January 12, 1900.

Present: HOLMES, C. J., MORTON, LATHROP, BARKER, & HAMMOND, JJ.

*Land Damages — New Trial — Photograph.*

At the trial of a petition for an assessment of the damages caused by taking land near the junction of two streets in a city, the evidence was conflicting as to whether or not the streets were on the same level at such junction. After verdict, the petitioner moved for a new trial, on the ground of newly discovered evidence, and filed with the motion a photograph showing the grades of the locality in question, accompanied by affidavits of the photographer and a civil engineer, stating that the photograph was a correct representation of the locality, and that the grades were on the same level; also other affidavits, stating that the buildings on the petitioner's land had been removed before the time when an expert witness for the respondent testified at the trial that he was inside of them. The judge found that the photograph was discovered after the trial, and that the expert witness was mistaken in his testimony as to when he saw the buildings; and denied the motion. *Held,* that it did not appear that the judge exceeded his powers in refusing a new trial.

PETITION to the Superior Court for a jury to assess the damages caused by the taking of the petitioner's land and the buildings thereon, for the laying out and extension of Columbus Avenue in the respondent city. Trial before *Fessenden,* J., who allowed a bill of exceptions, in substance as follows.

The petitioner's land was situated on the northwesterly side of Berlin Street, near the southeasterly terminus of Columbus Avenue, as it existed before the extension. The entire parcel of land, with three buildings thereon, was taken by the respondent on January 4, 1895.

At the time of the taking, the southeasterly terminus of Columbus Avenue, near which the land was situated, abutted on the northwesterly terminus of Berlin Street, as it then existed.

The respondent contended, and introduced the plan of the taking and other evidence tending to show, that, at the time of the taking, the surface of Columbus Avenue was at a much higher level than the surface of Berlin Street; that, at the junction of the two streets, the grade of Columbus Avenue was about four feet above the grade of Berlin Street, and Columbus Avenue at the junction terminated abruptly in a steep bank, about four feet above the grade of Berlin Street, obstructing travel and making it difficult for foot passengers and impracticable for teams to pass from one street to the other; and that the petitioner's land, being near such junction, was unfavorably situated with reference to travel along Berlin Street and to and from Columbus Avenue, and was therefore of much less value than the amount the petitioner claimed and the testimony of his witnesses tended to show.

The petitioner contended, and there was evidence in his behalf to show, that, at the time of the taking, Columbus Avenue was practically on the same level as Berlin Street at the point of meeting of the two streets; and that travel from one street to the other was unobstructed both for teams and foot passengers.

The jury returned a verdict for the petitioner in the sum of $12,416.25; and no exceptions were taken by the petitioner.

The petitioner filed two motions for a new trial, the first being for the reasons, among others, that the verdict was against the evidence and the weight of evidence, and against the law; and the second being on the ground of newly discovered evidence. The motions were heard together; and the petitioner, in support of his second motion, filed several affidavits, all in contradiction of material parts of the evidence of James M. Ryan, a witness called by the respondent as an expert, as to his knowledge and experience to guide him as to the value

of the property in question, as well as to his knowledge of the property.

After the verdict, the petitioner discovered, in the office of Brice S. Evans and Sons, real estate brokers in Boston, a photograph of the exact locality in question, which had been made for them in the autumn of 1894, showing the grades and surface lines of Berlin Street and Columbus Avenue, at and near the junction of the two streets, and the land of the petitioner, as the same existed at the time of the taking.

Upon the finding of the photograph the petitioner duly filed the second motion for a new trial, and filed in support thereof the affidavit of one Folsom stating that he made the photograph; and that at the time it was made the southeasterly end of Columbus Avenue and the northwesterly end of Berlin Street, abutting on the last named end of Columbus Avenue, met at the grade shown in the photograph, and so extended from that point southeasterly for the whole distance, as shown in the photograph; also the affidavit of one Moses, a civil engineer, which stated that in 1893 and 1894, and until the extension of Columbus Avenue was begun, Berlin Street and Columbus Avenue joined at the same grade, and there was no abrupt elevation or depression that could make the beginning and the end of Berlin Street impassable for teams and foot travel; and that the photograph in question was a correct representation of Berlin Street at its junction with Columbus Avenue, and the grades as existing in 1893 and 1894 up to the time of the change were correctly represented by it.   He also filed the affidavits of one Sullivan and one Lavin.

At the hearing on the motions for a new trial, the photograph and the affidavits were put in evidence by the petitioner.

The respondent introduced in evidence an unsigned memorandum dated April, 1895, claimed to have been made by Jesse L. Nason, who was called as an expert witness for the respondent at the trial, as to the value of the property taken. It appeared that this paper had been in his possession for some years before the trial.

The evidence at the trial showed that Nason was an important witness for the respondent, and he testified as an expert as to the value of both the land and the buildings as the result of his

examination of them in October and November, 1895; and also testified that he examined the buildings in question before they were removed in 1895, and took measurements of them; and on cross-examination he testified, " I was inside these buildings in October or November, 1895," and further testified that they were not taken away in August, 1895.

The affidavits of Sullivan and Lavin mentioned above stated that all of the buildings in question were removed before May 1, 1895.

The judge overruled the first motion for a new trial, and made the following findings of fact on the second motion:

1. That the photograph annexed to the affidavit of Folsom was discovered by the petitioner after the verdict.

2. That, if material and competent, Nason, who testified as a witness at the trial, did not see the petitioner's buildings, the value of which was a subject of inquiry at the trial, in August, 1895; that he was mistaken in his testimony as to when he saw the buildings; that he did see and examine them during or before the month of April, 1895; and that he made a written memorandum or report concerning them to the city solicitor of Boston in April, 1895.

The petitioner contended, and asked the judge to rule as matter of law, that, upon the motion, the affidavits, the evidence in the case, and the findings of fact, the petitioner was entitled to a new trial. The judge refused so to rule, and denied the motion for a new trial; and the petitioner alleged exceptions.

*C. W. Bartlett,* (*E. J. Hadley* with him,) for the petitioner.

*T. M. Babson,* for the respondent.

HOLMES, C. J. It does not appear that the judge exceeded his powers in refusing a new trial, whether he went on the ground that the newly discovered evidence was only cumulative, or on the ground of its relative importance, or rather unimportance, upon a general view of his whole case. He also may have found that the photograph would be uninstructive and misleading. See *Behan* v. *Williams,* 123 Mass. 366.

*Exceptions overruled with double costs.*