BLANCHE M. POWERS *vs.* JOSEPH L. BERGMAN.

Suffolk. November 24, 1911. — November 29, 1911.

Present: RUGG, C. J., HAMMOND, BRALEY, SHELDON, & DeCOURCY, JJ.

*Practice, Civil,* New trial.

A motion for a new trial on the ground of newly discovered evidence is addressed to the discretion of the trial judge, which is a judicial and not an arbitrary discretion. In the present case, which was an action for assault and battery, it was held that there was nothing in the record to show even unwise action of the trial judge in overruling such a motion.

RUGG, C. J. These exceptions relate to a refusal to grant a new trial on the ground of newly discovered evidence. The action is to recover damages for an assault. The affidavits indicate that the alleged newly discovered evidence tends to show that the defendant was at another place at the time of the assault. A motion for a new trial ordinarily is addressed to the discretion of the trial court, to the exercise of which no exception lies. Although it is a judicial and not an arbitrary discretion which must be exercised, in the present case there is nothing to indicate even unwise action by the trial judge.* The newly discovered evidence was itself of a character which may have failed to carry to his mind conviction of its truthfulness. He saw the witnesses on both sides during the trial, and having denied a motion for a new trial upon the usual grounds, may have been satisfied that, notwithstanding the new evidence, the verdict ought to stand. Even if the evidence, which has been discovered, would justify

---

\* *DeCourcy,* J.

a different verdict, a motion for a new trial may be refused rightly. There is nothing in this record to support an exception to the discretion of the Superior Court. *Freeman* v. *Boston*, 175 Mass. 208. *Behan* v. *Williams*, 123 Mass. 366. *Parker* v. *Hardy*, 24 Pick. 246. In *Manzigian* v. *Boyajian*, 183 Mass. 125, which clearly is decisive of the present case, only the excepting party was heard.

These exceptions appear to be within the terms of R. L. c. 156, § 13. They are overruled and double costs are awarded against the defendant and interest at the rate of twelve per cent per annum from the time the exceptions were allowed.

*So ordered.*

*E. F. McClennen,* for the defendant.
*J. J. Walsh,* (*J. F. Lynch* with him,) for the plaintiff.