FAUSTINO P. DAVIS *vs.* GEORGE E. CUSTER.

Suffolk. March 21, 22, 1918. — June 26, 1918.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Practice, Civil,* New trial.

A judge is not bound as a matter of law to grant a new trial because of newly discovered evidence which, if presented to a jury and believed by them, would warrant the reaching of a different result.

At the trial of an action of tort for malicious prosecution and false arrest, the plaintiff and his daughter testified that the plaintiff was arrested on a warrant, procured by the defendant, and was handcuffed and, while so handcuffed and on the way to the police station, met acquaintances. There was a verdict for the plaintiff. The defendant moved for a new trial, supporting his motion by affi-

davits of three police officers that no handcuffs were used upon the plaintiff and that no one was met on the journey to the station except a police officer. The motion was denied. *Held,* that the denial could not be said to be an abuse of discretion, and that the exception must be overruled.

TORT, with a declaration as amended in three counts, the first count alleging malicious prosecution, the second false arrest and the third libel. Writ dated July 24, 1916.

The action was tried in the Superior Court before *J. F. Brown, J.* There was a verdict for the plaintiff in the sum of $500. The defendant filed a motion for a new trial on the ground of newly discovered evidence, described in the opinion. The motion was denied. The defendant alleged exceptions.

*F. W. Mansfield,* for the defendant.

*C. J. Muldoon, Jr.,* (*J. J. O'Hare* with him,) for the plaintiff.

CARROLL, J. This is an action for malicious prosecution. There was a verdict for the plaintiff. The defendant moved for a new trial on the ground of newly discovered evidence. The plaintiff testified at the trial that when arrested he was handcuffed and taken from his home to the West Roxbury police station. His daughter testified, corroborating him, that while he was walking handcuffed with the officer she met "quite a few" people whom she knew. The alleged newly discovered evidence was based on the testimony of three police officers that no handcuffs were used and that during the walk to the station house they met no one except a police officer. The judge denied the motion.

The granting of a motion for a new trial ordinarily is a matter within the discretion of the trial judge, and we find nothing in this record to show an abuse of this discretion. A judge is not bound, as matter of law, to grant a new trial because of newly discovered evidence which if presented to a jury would warrant the reaching of a different result. *Powers* v. *Bergman,* 210 Mass. 346. *Manzigian* v. *Boyajian,* 183 Mass. 125.

*Exceptions overruled.*