EDWARD F. NERBONNE *vs.* NEW ENGLAND STEAMSHIP COMPANY.

Bristol.    October 22, 1934. — December 4, 1934.

Present: RUGG, C.J., PIERCE, FIELD, DONAHUE, & LUMMUS, JJ.

*Negligence,* Of steamship company, In care of animal.  *Animal.  Cow.*
*Practice, Civil,* New trial.  *District Court.*

Evidence, at the hearing of an action of tort against a steamship company
by one who was knocked down by a cow running at large, was that the
cow was transported on a steamship of the defendant to a city; that
the first mate of the steamship knew that she was sterile and that
sterile cows are "vicious like," but did not tell those facts to the fore-
man of those engaged in unloading the steamship; that, when being
unloaded, the cow broke loose, was pursued by employees of the
defendant in a motor truck and, as the plaintiff was standing watch-
ing the pursuit and had his attention momentarily diverted, ran
upon him.  There was a finding for the plaintiff.  *Held,* that
    (1) There was evidence of negligence of employees of the defendant;
    (2) A finding was warranted that such negligence was a proximate
cause of the plaintiff's injury;
    (3) It could not be said as a matter of law that the plaintiff was
guilty of contributory negligence.
A judge of a district court cannot ordinarily be required, upon a motion
for a new trial, to reconsider upon the same evidence his decisions of
fact and of law.
On a motion for a new trial in a district court, the judge need not con-
sider questions of law which were or could have been raised at the
trial.

TORT.  Writ in the Third District Court of Bristol dated
November 6, 1931.

In the District Court, the action was heard by *Doran,* J.
Material evidence is described in the opinion.  There was
a finding for the plaintiff in the sum of $447, and a report
to the Appellate Division for the Southern District.  The
report did not include a statement that a motion was made
for a new trial, nor a copy of any such motion, nor a state-
ment that such a motion was denied; but only a statement
as follows:  "The defendant further filed the following

requests for rulings upon its motion for a new trial, which I refused on the ground that such requests involved questions of fact and were not in conformity with the rules." [Here followed six requests for rulings upon the effect of stated evidence at the hearing of the action.]

The report was ordered dismissed. The defendant appealed.

H. *Lawlor,* (E. J. *Phillips* with him,) for the defendant.

B. *Kestenbaum,* (B. *Papkin* with him,) for the plaintiff.

LUMMUS, J.   The defendant was carrying a cow by steamer from Nantucket to one Levine in New Bedford. The first mate of the steamer, who was in charge of freight, testified that he knew that the cow was sterile, that sterile cows are "vicious like," and that he did not tell these facts to the foreman of the gang engaged in unloading the freight. While being led down the gangplank at New Bedford by a servant of the defendant, the cow broke loose and ran into the street. Servants of the defendant chased her in a motor truck, and cornered her on two or three occasions, but she escaped. She went her way through the streets, pursued by several servants of the defendant, until she came to a place where the plaintiff was standing on the sidewalk, watching the chase. He heard someone speak, and turned around. When he turned back, the cow was almost upon him. He tried to escape, but was knocked down and hurt.

The judge found for the plaintiff. The Appellate Division dismissed the report, and the defendant appealed.

There was evidence of negligence in the unloading of the cow, in view of the mate's knowledge of her probable nature. There was evidence, too, of negligence in the manner of pursuing such a cow through the streets of a city. A causal relation between negligence of the defendant and the injury could also have been found. It cannot be said as matter of law that the defendant sustained its burden of proving contributory negligence of the plaintiff.

What has been said disposes of all the requests for rulings at the trial, except one which had no foundation in the record.

On a motion for a new trial, the defendant apparently sought merely to argue the case again. It presented a number of requests for rulings of law relating to the case as tried and decided, which the judge refused to consider. The statutes appear to recognize motions for new trials in district courts. G. L. (Ter. Ed.) c. 218, §§ 43, 50. See also § 4. It is true that G. L. (Ter. Ed.) c. 231, § 129, which by implication denies the right of a party to be heard on a motion for a new trial based on the ground that the finding is against the evidence or the weight of the evidence (*O'Grady* v. *Supple,* 148 Mass. 522; *Menici* v. *Orton Crane & Shovel Co.* 285 Mass. 499), does not in terms or by reference apply to district courts. St. 1933, c. 300, § 3. But the principle is of general application, apart from statute. A tribunal cannot ordinarily be required to reconsider upon the same evidence its decision of fact or law. *Pingree* v. *Coffin,* 12 Gray, 288, 324. *Commonwealth* v. *Ruisseau,* 140 Mass. 363. *Sullivan* v. *Boston Bar Association,* 170 Mass. 504. *Boston Bar Association* v. *Casey,* 227 Mass. 46. *Clark* v. *McNeil,* 246 Mass. 250, 256. *Barringer* v. *Northridge,* 266 Mass. 315, 320. *Union Trust Co. of Springfield* v. *Magenis,* 266 Mass. 363, 365. *Pepper* v. *Old Colony Trust Co.* 268 Mass. 467, 469, 470.

Furthermore, even if the motion for a new trial had a standing for some purpose, the requests for rulings were properly ignored. It is a commonplace in practice that a judge need not consider, on a motion for a new trial, questions of law which were, or could have been, raised at the trial. *Kelley* v. *Jordan Marsh Co.* 278 Mass. 101, 109. *Commonwealth* v. *Osman,* 284 Mass. 421, 426. *Commonwealth* v. *Polian, ante,* 494.

*Order dismissing report affirmed.*