HAZEL BARRETT *vs.* RAYMOND O'CONNELL.

Hampden.    September 17, 1936. — October 28, 1936.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Practice, Civil*, New trial.

An exception to the denial, without a statement of the grounds of denial, of a motion for a new trial presents no question of law to this court.

TORT. Writ in the Superior Court dated February 16, 1932.

The action was tried before *Keating*, J., who, after a verdict for the plaintiff in the sum of $835, denied a motion by the defendant for a new trial on the ground of newly discovered evidence, without stating the grounds of denial. The defendant alleged exceptions, which, after the death of *Keating*, J., were allowed by *Burns*, J.

*F. J. McKay*, for the defendant.
*E. L. O'Brien*, for the plaintiff.

_____

* Evidence introduced by the plaintiff tended to show that, while the fact of the death of the plaintiff's intestate, and all the circumstances except the identity of the operator of the automobile which struck him, were known immediately after the death, the defendant was successful in fraudulently concealing his identity until January 11, 1935. — REPORTER.

CROSBY, J. This is an action of tort to recover for personal injuries arising from a collision of an automobile operated by the defendant with another automobile in which the plaintiff was riding. The jury returned a verdict for the plaintiff in the sum of $835. Thereafter the defendant filed a motion for a new trial upon the ground of newly discovered evidence. The alleged newly discovered evidence consisted of statements alleged to have been made by the plaintiff, by one Ducharme, the operator of the automobile in which the plaintiff was riding, and by one Helen Fenton, who was riding in the automobile with the plaintiff but who did not testify at the trial. The statements signed by the above named persons were not sworn to and were alleged to have been made about three years before the action was tried in the Superior Court. The case is before this court on the defendant's exception to the denial of his motion for a new trial.

It is settled that a new trial will not ordinarily be granted on the ground of newly discovered evidence which goes only to impeach the credit of a witness at the trial. *Hopcraft* v. *Kittredge,* 162 Mass. 1, 13. *Berggren* v. *Mutual Life Ins. Co.* 231 Mass. 173. The determination of a motion for a new trial of an action at law on the ground of newly discovered evidence rests in the sound discretion of the trial judge. *Davis* v. *Boston Elevated Railway,* 235 Mass. 482, 496. *Madden* v. *Boston Elevated Railway,* 284 Mass. 490, 494. As the presiding judge did not rule upon any question of law in refusing to grant the defendant's motion for a new trial, but denied it in the exercise of his discretion, no error of law appears. *Behan* v. *Williams,* 123 Mass. 366. *Freeman* v. *Boston,* 175 Mass. 208, 211. *Powers* v. *Bergman,* 210 Mass. 346, 347.

*Exceptions overruled.*