## COSTAS SYRIOPOULOS *vs.* WILLIAM J. CORMIER.

Middlesex.    May 10, 1937. — May 12, 1937.

Present: RUGG, C.J., CROSBY, DONAHUE, LUMMUS, & QUA, JJ.

*Practice, Civil*, New trial.

Questions of law or fact which might have been raised at the trial of an action were not of right open on a motion for a new trial.

TORT. Writ in the Superior Court dated September 10, 1934.

The action was tried before *Collins*, J. There was a verdict for the plaintiff in the sum of $539.33. The defendant alleged an exception to the denial of his motion for a new trial.

In his brief before this court, the defendant made no contention that the damages awarded were excessive.

*T. J. Noucas*, for the defendant, submitted a brief.

*G. C. Eliades*, for the plaintiff.

BY THE COURT. This is an action of tort for conversion arising out of the attachment of certain chattels which had been sold on a conditional contract of sale. The defendant is a constable who had attached the goods as the property of one Sarris on a writ in favor of one Poulakos. The plaintiff is the assignee of the conditional contract of sale. The case was tried to a jury. A verdict was returned in favor of the plaintiff. No exceptions appear to have been saved at the trial. After the return of the verdict the defendant filed a motion for a new trial, and assigned as grounds that the verdict was against the law, against the evidence and the weight of the evidence and that the damages awarded were excessive. The motion was denied. The defendant excepted. No requests for rulings of law were made with respect to the motion for a new trial. "It is familiar law that the granting or denial of such a motion rests in sound judicial discretion unless at the hearing upon such motion some question of law is presented which could not have

been raised at the trial on the merits or which could have been so raised and is entertained by the judge." *Malden Trust Co.* v. *Perlmuter*, 278 Mass. 259, 260–261. *Berggren* v. *Mutual Life Ins. Co.* 231 Mass. 173, 176. *Menici* v. *Orton Crane & Shovel Co.* 285 Mass. 499, 502. The question whether there was evidence to support the verdict should have been raised at the trial and cannot as matter of right be raised on a motion for a new trial. *Ryan* v. *Hickey*, 240 Mass. 46. *Loveland* v. *Rand*, 200 Mass. 142. There was no motion filed by the defendant for a directed verdict. So far as the motion for a new trial rests upon excessive damages, that is a matter entirely for the discretion of the trial judge. *Bilsky* v. *Braley*, 246 Mass. 480. *McKin* v. *Siegel*, 256 Mass. 269. The argument of the defendant is addressed to questions that might have been raised at the trial.

*Exceptions overruled.*