GOODYEAR PARK CO. & another *vs.* CITY OF HOLYOKE.

Hampden.     September 23, 1937. — November 30, 1937.

Present: FIELD, DONAHUE, LUMMUS, & QUA, JJ.

*Evidence*, Relevancy, Admissions, Of value, Competency. *Practice, Civil*,
     Discretionary control of evidence; Preliminary question; New trial.
     *Witness*, Expert.

At the trial of a petition for the assessment of damages due to the taking
     of land by a city, evidence of negotiations and votes by a city board
     looking to a purchase of the same land, which were not binding on the
     city as contracts, was not admissible as showing admissions by it as
     to the value of the land.
At the trial of a petition for the assessment of damages due to the taking
     of part of a tract of land by a city, evidence offered by the petitioner
     of the cost of improving the whole tract was properly excluded in the
     discretion of the trial judge, though the city had previously been al-
     lowed to show one of the items of such cost.
The admission or exclusion of immaterial evidence offered to meet other
     like evidence lies in the discretion of the trial judge.
As a rule, the question of the qualification of an expert witness is one of
     fact for the trial judge.
An exception to the discretionary denial of a motion for a new trial based
     upon inadequacy of damages and upon the weight of evidence was
     overruled.

PETITION for the assessment of damages, filed in the
Superior Court on October 15, 1935.

Hadley Falls Trust Company, mortgagee, was allowed to
intervene. The case was tried before *Burns*, J. There was
a verdict in the sum of $5,000. The petitioner alleged
exceptions.

*J. M. Healy*, (*F. E. Button* with him,) for the petitioner.
*P. J. Garvey*, (*J. F. Hartnett* with him,) for the respondent.

LUMMUS, J. Land of the petitioner in Holyoke was
taken on September 9, 1935, by the defendant for the pro-
tection of its water supply system. A jury awarded the
petitioner damages of $5,000, with which it is dissatisfied.
Its exceptions bring the case here.

The petitioner excepted to the exclusion of its letter to

the water board of the respondent on October 2, 1930, offering certain land at a price of $28,000; a vote of the water board of October 8, 1930, to purchase land from the petitioner for the sum of $25,000; and a vote of the water board of April 27, 1932, ratifying the earlier vote, and accepting a deed which had been delivered by the petitioner to the respondent, subject to an examination of the title. The present petition is not based upon that deed and those votes, for the petitioner failed in its attempt to force the respondent specifically to perform those votes. *Goodyear Park Co.* v. *Holyoke*, 291 Mass. 11. The present petition is based upon the taking of September 9, 1935. The damage to the petitioner resulting from the earlier negotiations and agreements is not proper for consideration upon this petition. The votes of the water board which failed to bind the respondent as contracts were equally ineffective as admissions by the respondent as to the value of the land.

The petitioner excepted to the exclusion of the testimony of its treasurer that before the taking it had expended $20,000 in grading, road building, engineering and development upon the tract of which the land taken formed part. What is material in assessing damages is the injury caused to the entire tract by the taking, and that may comprise the value of the land taken and the diminution in value of the remaining land. G. L. (Ter. Ed.) c. 79, § 12. *Beale* v. *Boston*, 166 Mass. 53, 55, 56. *Baker* v. *Arlington*, 271 Mass. 415, 420. *Trustees of Boston University* v. *Commonwealth*, 286 Mass. 57, 64. The amount spent in improving the land is a very inconclusive test of its value, and the judge was not required to allow it to be shown, even though he might have done so. *Patch* v. *Boston*, 146 Mass. 52, 56. *Levenson* v. *Boston Elevated Railway*, 191 Mass. 75. *Vineyard Grove Co.* v. *Oak Bluffs*, 265 Mass. 270, 276, 277. The respondent, it is true, had already shown on cross-examination that the cost of the engineering work was $2,500; but that fact did not entitle the petitioner to show the cost of the entire improvement. A party cannot gain an absolute right to introduce evidence of facts not otherwise admissible, by permitting his opponent to introduce evidence of part

of them, or evidence of similar facts. A trial judge cannot thus be deprived of his discretion and compelled to listen to the trial of immaterial issues which in his judgment would prolong the trial, confuse the jury, and make likely an unjust result. The settled rule is that "the introduction or exclusion of immaterial evidence to meet immaterial evidence is within the discretion of the court." *Treat* v. *Curtis*, 124 Mass. 348, 352. *Commonwealth* v. *Fitzgerald*, 2 Allen, 297. *Mowry* v. *Smith*, 9 Allen, 67. *Parker* v. *Dudley*, 118 Mass. 602, 605. *Commonwealth* v. *Matthews*, 129 Mass. 485, 487. *Bennett* v. *Susser*, 191 Mass. 329, 330. *Commonwealth* v. *Wakelin*, 230 Mass. 567, 575, 576. *Mahan* v. *Perkins*, 274 Mass. 176, 181, 182. Wigmore, Evidence (2d ed.) § 15.

The witness Dibble was properly allowed to testify for the respondent as an expert on value. He showed wide experience with real estate in Holyoke. He had no experience in developing tracts for house lots, and no great experience with vacant land. But the qualifications of an expert are commonly for the decision of the trial judge as a question of fact, and we cannot say that he committed an error of law in allowing Dibble to express his opinion. *Johnson* v. *Lowell*, 240 Mass. 546, 549. *Beals* v. *Brookline*, 245 Mass. 20, 27. *Vineyard Grove Co.* v. *Oak Bluffs*, 265 Mass. 270, 279, 280. *Old Silver Beach Corp.* v. *Falmouth*, 266 Mass. 224. *Maher* v. *Commonwealth*, 291 Mass. 343, 349. *Corrao* v. *Sears, Roebuck & Co.*, ante, 23, 26.

The petitioner moved for a new trial on the grounds that the damages were inadequate and the verdict was against the weight of the evidence, and excepted to the denial of the motion. There was evidence supporting the verdict, and the jury could believe that evidence instead of the conflicting evidence in favor of the petitioner. An exception lies only to review an "opinion, ruling, direction or judgment . . . rendered upon any matter of law." G. L. (Ter. Ed.) c. 231, § 113. The denial of the motion involved no ruling of law, but only the exercise of a discretion that we cannot review on exceptions. *Reeve* v. *Dennett*, 137 Mass. 315, 318. *Rowse, petitioner*, 195 Mass. 216, 219, 220. *Scannell* v.

*Boston Elevated Railway,* 208 Mass. 513. *Bilsky* v. *Braley,* 246 Mass. 480. *Malden Trust Co.* v. *Perlmuter,* 278 Mass. 259. *Murnane* v. *MacDonald,* 294 Mass. 372. *Syriopoulos* v. *Cormier,* 297 Mass. 226. See *Long* v. *George,* 296 Mass. 574, 578.

*Exceptions overruled.*