FRANK ROSS *vs.* COLONIAL PROVISION COMPANY, INC.

Suffolk.   October 6, 1937. — December 17, 1937.

Present: RUGG, C.J., FIELD, DONAHUE, LUMMUS, & QUA, JJ.

*Evidence*, Letter. *Corporation*, Ultra vires, Officers and agents. *Agency*, Scope of authority. *Practice, Civil*, Exceptions: what is subject to exception; Amendment.

Liability to a plaintiff for services in obtaining for the defendant the financing by a corporation of certain transactions could not be denied upon the ground that the financing was *ultra vires* the corporation.

The contents of a letter not produced on call on the ground that it had not been received could be proved by copy, there being no suggestion by the addressee that the original had not been properly mailed.

Evidence warranted a finding that services, performed for a corporation and procured by two who were a majority of the directors, the holders of a majority of its stock and in active control of its operations, were performed by its authority.

The question of the sufficiency of evidence to warrant a particular finding of fact in an action heard without jury cannot be raised solely by an exception to the finding.

There was no error in allowing an amendment of a declaration to set up a claim established by the findings after a hearing without jury; the allowance of the amendment imported a finding that the issues relating to such claim had been fully and fairly tried.

CONTRACT. Writ in the Superior Court dated July 5, 1935.

The action was heard by *Brogna*, J.

*G. L. Rabb*, (*M. M. Rabb* with him,) for the defendant.

*D. J. Lyne*, for the plaintiff.

LUMMUS, J.   The judge, sitting without a jury, found for the plaintiff in the sum of $5,200 and interest in an action for services. Counts of the declaration based upon a claim for a broker's commission were made immaterial by the finding of the judge that no such commission had been promised. The plaintiff is a real estate broker of thirty years' experience. The defendant is a corporation, organized in 1918, which cures and smokes meats and makes sausages. One sixth of its stock is owned by one Lewis, and the rest is

held in equal shares by one Rabinowitz, the president, and one Drucker, the treasurer. Rabinowitz, Drucker, and an employee named Braen were the directors during the events in question. In 1933 it was conducting business in six scattered buildings in the market district of Boston, and was anxious to gather its business under one roof. The plaintiff heard that the defendant was desirous of buying real estate, and as a broker offered the defendant several parcels. One difficulty was that a location satisfactory to the defendant would cost with improvements as much as $180,000, and the defendant did not wish to use its own capital for the purpose. The evidence showed that the defendant at least permitted the plaintiff to perform in its behalf valuable and extended service in negotiating the purchase of land and arranging to finance the purchase and the improvements. The details need not be recited. The judge found that the value of the plaintiff's services was $5,200. There was evidence warranting that finding.

The exception to the refusal of the defendant's sixth request cannot be sustained. That request relates to a broker's commission, and the recovery allowed was for services, not for a commission. The ninth and twelfth requests relate to counts on which the recovery was not based. The fifth request was in substance that the financing of the purchase and the improvements by a certain corporation was *ultra vires* of that corporation. If so, that would be no reason for denying the plaintiff payment for his services. The tenth and eleventh requests dealt with the contention of the defendant that the plaintiff acted for opposing parties in the negotiations without disclosing the fact. It is true that the plaintiff brought actions for commissions or services against some of those parties as well as against the defendant. But the judge found that "all parties had full knowledge of the plaintiff's relationship in the matter, and consented to it," and found that there was no employment of the plaintiff by any of the opposing parties against whom suits were brought. Under these circumstances the refusal of the requested rulings was not error. The admission in evidence of the letter sent by the plaintiff

to the defendant, dated July 11, 1934, was not error.   There was no suggestion at the trial that it was not properly sent by mail.*

The defendant requested a ruling in substance that the employment of the plaintiff by Rabinowitz was not authorized by the defendant.   There was evidence that Rabinowitz and Drucker owned the great majority of the shares of stock of the defendant, and were its only directors except for Braen who was merely an employee.   Apparently they were in active control of its operations.   There was evidence that Drucker over a long period of time knew of the efforts of the plaintiff and conversed with him and Rabinowitz about them.   Drucker testified that Rabinowitz "was handling this particular thing."   The defendant corporation "drew up plans and specifications for the plaintiff."   Finally, the defendant corporation entered into the transaction which, as the judge found, "was in no small measure the result of the services which were rendered by the plaintiff to the defendant at its request."   The requested ruling was properly denied.

The attempt by the defendant to except to findings of particular facts after they were made, on the ground that the evidence did not warrant the findings, was as ineffectual as an attempt so to except to a general finding would have been.   *Stowell* v. *H. P. Hood & Sons, Inc.* 288 Mass. 555. *Forbes* v. *Gordon & Gerber, Inc.* 298 Mass. 91, 94.   The exceptional doctrine of *Leshefsky* v. *American Employers' Ins. Co.* 293 Mass. 164, 167, has no application.

The judge did not err in permitting the plaintiff, after the finding had been made, to amend his declaration by adding a fifth count on an account annexed for personal services, which stated the plaintiff's claim in conformity to the facts found.   It is well settled that after a verdict or finding the pleadings may be amended to conform to and

---

* The plaintiff testified that he wrote the defendant a letter dated July 11, 1934.   His counsel then requested the letter of the defendant's counsel, who stated "I have no such letter.   My client on examination says" it "received no such letter."   The plaintiff's counsel then offered a paper which the plaintiff testified was a copy of the letter.   The copy was admitted subject to the defendant's exception. — REPORTER.

support the cause of action found to exist, where the judge finds that the issues under the amended pleadings have been fully and fairly tried though without appropriate pleadings. *Pizer* v. *Hunt*, 253 Mass. 321, 331. *Hushion* v. *McBride*, 296 Mass. 4, 8, and cases cited. The allowance of the amendment imports a finding that the issues opened by the amendment have already been fully and fairly tried. *Bucholz* v. *Green Bros. Co.* 290 Mass. 350, 354, 355. *Commonwealth* v. *Millen*, 290 Mass. 406, 414.

The defendant made a motion for a new trial on the grounds that the finding was against the law, the evidence and the weight of the evidence, and that the damages were excessive. Although the bill of exceptions states that the judge gave the motion "consideration," which for the most part at least he was not bound to do (*Nerbonne* v. *New England Steamship Co.* 288 Mass. 508, 510), the motion was addressed to the discretion of the judge, and its denial raised no question of law. *Syriopoulos* v. *Cormier*, 297 Mass. 226. The motion did not point out the nature of any error in law relied on. The alleged errors of law argued on the motion were raised or could have been raised at the trial, and it is not shown that the judge revived them on the motion for a new trial. *Kelley* v. *Jordan Marsh Co.* 278 Mass. 101, 109. *Commonwealth* v. *Millen*, 290 Mass. 406, 407, 408. *Commonwealth* v. *DiStasio*, 294 Mass. 273, 287–288.

*Exceptions overruled.*