Bolster, C. J.
In this case the judge found for the plaintiff, after a trial in which the defendant filed requests for rulings which the judge passed upon, but the defendant then claimed no report. The judge made certain special findings in making his decision. Thereafter the de *335 fendant filed a motion for new trial which the judge denied after a hearing. No requests for rulings were filed pending that hearing. After the denial, the defendant requested a report of certain rulings alleged to be “involved” in the denial of the motion, and filed a draft report. There is no right of review in such case. Lopes v. Connolly, 210 Mass. 487. The questions raised could all have been raised at the original trial, Nerbonne v. N. E. Steamship Co., 288 Mass. 508, if rulings setting out the same legal questions had been offered at the hearing on the motion the judge was not obliged to entertain them, such “implied” rulings are not reviewable, Reid v. Doherty, 273 Mass. 388, and error of law is not the equivalent of abuse of judicial discretion.
The judge refused to allow the draft report, saying that it lacked verity, was not a proper account of the trial and was without merit and intended for delay. This put the matter in order for a sworn petition to establish the draft report pursuant to rule. None was filed. The defendant had sent a letter to the judge in chambers asking for a hearing on the draft report. This is not the “filing” of a request within the rule. But whatever his reason, right or wrong, the judge refused to make a report, and a petition to establish it was necessary to keep alive the right to a review. Instead of that the defendant filed a motion to vacate the order refusing to report. Assuming that the judge could have done so, it does not follow that he must do so, nor that, if he refuses, a party can relieve himself of the necessity of a petition.
Report dismissed.