WILLIAM A. GRAUSTEIN, petitioner.

Middlesex.    February 5, 1940. — April 2, 1940.

Present: FIELD, C.J., DONAHUE, QUA, DOLAN, & COX, JJ.

*Practice, Civil,* Exceptions: allowance and establishment.

A petition for the establishment of exceptions to the denial of an amendment to a motion for a new trial and to the denial of the motion was dismissed because no substantial question of law would have been presented if the exceptions had been established.

PETITION, filed in this court, for the establishment of exceptions.

*W. A. Graustein, pro se.*

*J. A. Lane,* for the respondent.

FIELD, C.J.    This is a petition to establish the truth of exceptions of the plaintiff in the case of Graustein *v.* Barry (see *Graustein, petitioner, ante,* 568), relating to his motion for a new trial.    The exceptions were disallowed by the trial judge.*    The petition must be dismissed for the reason, if not for other reasons, that "even if the truth of the exceptions were established, no question of law of such gravity as properly to call for consideration of the court would be presented."    *Commonwealth* v. *Vallarelli,* 273 Mass. 240, 247, and cases cited.

The exceptions set forth in the bill of exceptions attached to the petition are to the denial of a motion of the plaintiff to amend his motion for a new trial and to the denial of the motion for a new trial.    By the motion to amend the plaintiff sought in substance to add as a ground for a new trial the discovery of new evidence tending to show that testimony of the defendant at the trial was false.    The disposition of this motion to amend was within the discretion of the trial judge, and his denial of this motion, in the absence of abuse of discretion, cannot be reversed here.    See *Norton* v. *Lilley,* 214 Mass. 239; *Waltham Bleachery & Dye Works* v. *Clark-Rice Corp.* 274 Mass.

---

* *Beaudreau, J.*

488, 491. No abuse of discretion appears. Even if the proposed amendment had been allowed it would have been within the discretion of the trial judge, so far as the ground therein stated is concerned, to have denied the motion for a new trial. *Manzigian* v. *Boyajian*, 183 Mass. 125. *Powers* v. *Bergman*, 210 Mass. 346. *Barrett* v. *O'Connell*, 295 Mass. 515. *Henry L. Sawyer Co.* v. *Boyajian*, 298 Mass. 415, 416.

The questions whether evidence was improperly admitted at the trial and whether the plaintiff was improperly limited in time for the presentation of his case — which were involved in some of the grounds upon which a new trial was sought — could have been raised at the trial, and the plaintiff was not entitled as of right to raise them upon a motion for a new trial and cannot have them reviewed on exception to a denial of the motion. *Restuccia* v. *Bonner*, 287 Mass. 592, 593. *Bankoff* v. *Coleman Bros. Inc.* 302 Mass. 122, 123, and cases cited. Since the case was tried before a judge sitting without a jury, the plaintiff was not entitled as of right to be heard on the motion for a new trial on the grounds stated therein that the findings were against the evidence and the weight of the evidence. G. L. (Ter. Ed.) c. 231, § 129. *O'Grady* v. *Supple*, 148 Mass. 522. *Menici* v. *Orton Crane & Shovel Co.* 285 Mass. 499, 502. *Nerbonne* v. *New England Steamship Co.* 288 Mass. 508, 510. But, even if the plaintiff was heard on these grounds, denial of the motion, so far as it related to them, was within the discretion of the trial judge and an exception thereto presents no question for review. *Menici* v. *Orton Crane & Shovel Co.* 285 Mass. 499, 502. *Syriopoulos* v. *Cormier*, 297 Mass. 226. The ground of the motion that the "findings and ruling of the court are against the law applicable thereto" points out no specific rulings of law. Obviously it relates to rulings at the trial. It is covered by what has been said already. See *Ross* v. *Colonial Provision Co. Inc.* 299 Mass. 39, 42.

The principles controlling here have been declared frequently. Further citation of cases is unnecessary. In the light of these principles the petition must be dismissed.

*Petition dismissed.*