*Municipal Court of the City of Boston*

No. 348992

## MAURICE A. FITCH

v.

## PHILIP HARRIS

(June 26, 1953)

*Adlow, J.* In this action of tort the plaintiff seeks

to recover from his employer for injuries suffered in the course of his employment. It is unnecessary to recite in detail the evidence contained in the report. It is sufficient for our purposes to note that there was ample evidence to warrant a finding for the plaintiff. The court found for the plaintiff in the amount of $3,750. All the issues raised by this report derive from the refusal of the court to grant a new trial on the defendant's motion.

In substance the defendant's motion for a new trial was based on these grounds: that the finding for the plaintiff was excessive; that it was not warranted by the evidence; that it was exemplary, punitive, and unconscionable; that the damages if allowed to stand constituted a miscarriage of justice; and that the defendant had newly discovered evidence which was set forth in affidavits filed with the motion.

At the hearing on the motion for a new trial the defendant argued the motion and requested the court to rule in effect

(1) that the court in the exercise of its discretion must give consideration to the affidavits accompanying the defendant's motion for a new trial, and further that in the exercise of this discretion the court could order a new trial.

(2) that to deny a new trial in the face of these affidavits constituted an abuse of sound judicial discretion, and

(3) that on the basis of evidence recited in the requests there was no evidence to warrant the damages awarded by the court.

The court properly ruled that in the exercise of a sound judicial discretion and giving consideration to the affidavits filed by the defendant it could order a new trial. It refused to rule that to deny such a motion amounted to an abuse of sound judicial discretion or that the evidence did not warrant the amount of damages awarded by the court; and denied the defendant's motion for a new trial.

We find no error in these rulings.

Where a court sits without a jury a new trial may be granted upon motion "for a mistake of law or for newly discovered evidence." G. L. c. 231, §129. In such causes a party cannot, as of right, be heard upon a motion for a new trial on the ground that the finding is against the evidence or against the weight of the evidence. *O'Grady v. Supple*, 148 Mass. 522. It appears from the report that the court at the hearing on the motion for a new trial considered the question of the sufficiency of the evidence on which the original finding was based. Notwithstanding all this, the denial of the requested ruling presented no question for review. *Petition of Graustein*, 305 Mass. 571, 572. What the defendant by these requests seeks to accomplish is to review questions of law that could have been raised at the trial, but which apparently were not so raised. *Peterson v. Hopson*, 306 Mass. 597. We must not lose sight of the fact that in causes tried without a jury the sole grounds on which a new trial can be granted are for a mistake of law or for newly discovered evidence. The amount of damages awarded is not such a question of law. *Moran v. Pieroni, Inc.* 326 Mass. 516, 517.

Nor can we agree with the defendant's contention concerning the subject matter of the affidavits filed by him to support his allegations of newly discovered evidence. These statements purport to be versions of the event of fellow workers of the plaintiff who were also employees of the defendant. Although none of these affiants testified at the trial, there is nothing to indicate that they were not available as witnesses at the time of the trial, or that the defendant attempted to arrange for their attendance. What the defendant declares to be newly discovered evidence is actually evidence of which he was aware at the time of the trial, but which he neglected to present. Regardless of whether it was newly discovered evidence or evidence which he neglected to present, it appears that the court gave it consideration at the hearing of the motion for a new trial. Having con-

sidered it there was no rule to compel the judge to order a new trial. A judge is not bound as a matter of law to order a new trial because of newly discovered evidence. *Davis v. Custer,* 230 Mass. 603.

In our opinion the court heard the defendant's motion for a new trial with an open mind. After properly ruling that a new trial should be ordered if it appeared from the arguments of counsel and from the affidavits filed by the defendant that the court erred in its original finding, (See *Felton v. Shapiro,* 78 Fed. 576), the court in the exercise of its discretion denied said motion. Apparently the court was satisfied that the interests of justice required no new trial. Report dismissed.

Hunt & Hunt, for the plaintiff.

J. Friedberg, for the defendant.