*Northern District*

No. 5050

**MARION A. MacDONALD**

**v.**

**JOHN E. HALLISSEY ET AL**

(June 19, 1957)

*Gadsby, P. J.* This is an action of tort in four counts to recover compensation for personal injuries and damage to an automobile. Counts 1 and 2 are against the defendant, Douglas R. J. Latini; and Counts 3 and 4 are against the defendant, John E. Hallissey. After commencement of the action and before trial, John E. Hallissey died and David R. Hallissey, the administrator of his estate, was admitted as a party to defend the action. The answer of each defendant is a general denial and allegation of contributory negligence.

By agreement of all parties during the trial a finding was entered in favor of the defendant, Douglas R. J. Latini; and the trial proceeded as against the defendant Hallissey only.

*At the trial the following facts were not in dispute:*

The accident occurred on Route 2-A, a public way in the Town of Lunenburg, near the bottom of a hill or downgrade below the westerly intersection of Route 13, on January 12, 1953 about 6:45 a.m. The weather was clear but the roadway was icy and slippery for a distance of several hundred feet in the vicinity of the place where the collision occurred in the direction from which the plaintiff, the defendants and other vehicles involved had come prior to the accident. The plaintiff was proceeding westerly down hill on Route 2-A behind an automobile operated by one Derek Pymer, who was also proceeding westerly on Route 2-A, about 10 miles per hour. Pymer stopped his automobile because there was another automobile stopped on the road in front of his (Pymer's) car. The plaintiff then brought her car to a gradual stop behind the Pymer car. The front of the plaintiff's automobile and the rear of the Pymer car were in contact with each other when

the plaintiff's car came to a complete stop, but no damage was caused to either car nor was any one injured by this contact. Mr. Latini was operating his automobile in a westerly direction on Route 2-A behind the plaintiff's car, and when he saw the Pymer and plaintiff cars stopped in the road ahead of him, he (Latini) brought his car to a gradual stop behind the plaintiff's automobile. The front bumper of the Latini car and the rear bumper of the plaintiff's car were in contact when the Latini car came to a complete stop, but no damage was caused to either car nor was any one injured by this contact. About one minute later, the defendant Hallissey operating his automobile on Route 2-A in a westerly direction, saw the Pymer, plaintiff and Latini cars stopped in the road about 200 feet away from him. At this time the defendant Hallissey was travelling at an admitted speed of 20 to 25 miles per hour on the icy and slippery road. The Hallissey car proceeded forward and the front of the Hallissey car collided into the rear of the Latini car. The speed of the Hallissey car at the moment of contact into the Latini car was admitted to be at least 20 miles per hour. The force of the collision forced the Latini car into the plaintiff's automobile, causing extensive damage to the rear and front of the Latini car so that the Latini car was 'folded up like an accordian'; and there was $227.00 in damages caused to the plaintiff's automobile. The plaintiff, who was seated in her car behind the steering wheel, at the time of the collision of the Hallissey car into the Latini car, was injured.

There was also evidence that the defendant Hallissey was operating his automobile at a speed of 30 to 35 miles per hour on the icy road when he saw the other cars stopped in the road a few hundred feet ahead of him and that he did not apply his breaks before colliding into the rear of the Latini automobile.

No requests for rulings of law were filed by any

of the parties at the close of the evidence and before arguments.

The trial judge made a finding for the defendant Hallissey.

The plaintiff seasonably filed a motion for a new trial on the grounds that the finding for the defendant Hallissey was against the evidence, the weight of the evidence, and against the law and the evidence.

At the hearing upon the motion for new trial, the plaintiff filed a motion for leave to file certain requests for rulings of law late:—

1. There was sufficient evidence introduced at the trial to warrant a finding for the plaintiff as against the defendant, John E. Hallissey.

2. The plaintiff is presumed to have been in the exercise of due care at the time of her injuries.

The trial justice denied the plaintiff's motion for a new trial and refused to accept the plaintiff's requests for rulings of law filed late.

This report stated that it contained all the evidence material to the questions reported.

■ There is no need to discuss the various requests for rulings of law which the Court in its discretion refused to allow to be filed late. The action lies entirely within the discretion of the trial judge. No abuse of discretion appears. *Graustein, Petitioner,* 305 Mass. 571.

■ We now consider the denial of the plaintiff's motion for a new trial based on the grounds that the finding for the defendant Hallissey was against the evidence, the weight of the evidence, and against the law of the evidence.

On a motion for a new trial, the judge need not consider questions of law which could have been raised or should have been raised at the trial. *Nerbonne v. N. E. S.S. Co.,* 288 Mass. 508, 510; *Hathaway v. Checker Taxi Co.,* 321 Mass. 406 412. As was said in *C. v. McKnight,* 289 Mass. 530, 544, "Questions

of law that were or might have been raised at the trial cannot be raised as of right on a motion for a new trial." Therefore the plaintiff has no standing for relief on the basis that the finding was against the evidence and the weight of the evidence.

The plaintiff is contending that as a matter of law his motion for a new trial should have been granted. This case is not the situation which prevailed in *Langdoc v. The Gevart Co. of America, Inc.,* 315 Mass. 8, 10, where the Court said, "There was nothing in the record to indicate that the judge did not have other and additional findings in mind." In the case at bar, the report states that it contained all the evidence material to the questions reported. Thus the trial judge could not have had other and additional findings in mind.

This case presents the rare and unique situation where in our opinion the judge was in error in denying the motion for a new trial as matter of law. We do not know from the findings of the judge whether he found the defendant not negligent or whether the defendant might have been negligent, but the plaintiff guilty of contributory negligence. It is difficult to see how the trial judge from the agreed facts found for the defendant. We therefore feel there was error in the denial of the plaintiff's motion for a new trial and the case should be remanded as the plaintiff requested. *Finding for the defendant is reversed and a new trial ordered.*

Dooling and Dooling, for the Plaintiff.
Bowman and Larkin, for the Defendant.