HODGSON HOUSES, INC. *vs.* EDWARD A. GALLERANI & another. November 29, 1974. This action of contract was tried before a District Court judge. The plaintiff seasonably filed requests for rulings of law by the judge; the defendants filed no such requests. Thereafter the judge found for the plaintiff in the amount of $5,416. He treated the plaintiff's requests as immaterial in view of his finding. The judge made certain limited subsidiary findings of fact. The defendants then filed a motion for a new trial, citing as grounds that the finding for the plaintiff was against the evidence and the weight of the evidence, and against the law. The defendants filed requests for rulings with their motion. The judge retired from the bench without hearing or ruling on the motion for a new trial. The Appellate Division thereafter, at the request of the plaintiff, denied the motion for a new trial without hearing the parties. The judges of the Appellate Division ruled, correctly we think, that there was at that time no specific "authority" in any statute or rule of court for the Appellate Division, or any other judge, to assume jurisdiction over the case. See new Rule 30A of the Rules of the District Courts (1972) which authorizes the Chief Justice of the District Courts to appoint a judge to act in such a case. The judges of the Appellate Division expressly stated that they were denying the motion for a new trial in the exercise of their discretion. The defendants in their briefs concede that "errors of law" was the only ground open to them. Cf. *Nerbonne* v. *New England S.S. Co.* 288 Mass. 508, 510 (1934); *Graustein, petitioner*, 305 Mass. 571 (1940). However, they argue that they were at least entitled to be heard and "to introduce evidence" in support of their motion. It is not clear on the record before us whether the defendants were entitled to be heard at all; it may well be that their motion should be denied as matter of law. There is serious doubt also as to the jurisdiction of the Appellate Division, although those judges clearly acted in responsible fashion in attempting to dispose of the matter. Nevertheless, we feel that this unusual case can be best disposed of by remanding it to the District Court, and we now do so. Within thirty days after the entry of this rescript the defendants may apply to the Chief Justice of the District Courts for appointment of a judge under Rule 30A to hear the defendants' motion for a new trial. The designated judge will then hear and rule on the motion. If the defendants fail to apply to the Chief Justice of the

District Courts within the thirty-day period, the motion shall be treated as denied and an order to that end shall be entered.

*So ordered.*

The case was submitted on briefs.
*Theodore Dimauro* for the defendants.
*Michael G. West & Jerome S. Gold* for the plaintiff.