MICHAEL I. RAYSEL *vs.* C. CRAWFORD HOLLIDGE.

Hampshire. September 16, 1931. — October 1, 1931.

Present: RUGG, C.J., CROSBY, CARROLL, SANDERSON, & FIELD, JJ.

*Agency*, Scope of authority.

Evidence, at the trial of an action for breach of a contract whereby the plaintiff was employed by the defendant as assistant merchandiseman in the defendant's store for a period of a year, that the defendant stated to the plaintiff that he was to take all orders from the general merchandise manager and that whatever the manager said was final; and that during the period of the plaintiff's employment he received orders from the manager, from the defendant and the defendant's son, warranted a finding that the defendant had held out the manager to the plaintiff as having authority from the defendant to terminate the contract by discharging the plaintiff; and, there being further evidence that the manager, at a time when the year of the plaintiff's employment had not yet expired, stated to him that he was "through" and that he could not go on with his work, it was proper for the trial judge to refuse to rule that the plaintiff was not entitled to rely on such statement by the manager; and a verdict for the plaintiff was warranted.

CONTRACT. Writ dated December 17, 1929.

The action was tried in the Superior Court before *W. A. Burns*, J. Material evidence and rulings requested by the

defendant and refused by the judge are stated in the opinion. The judge denied a motion by the defendant that a verdict be ordered in his favor. There was a verdict for the plaintiff in the sum of $1,651.68. The defendant alleged exceptions.

*K. D. Johnson,* (*F. B. Wallis* with him,) for the defendant.
*D. D. O'Brien,* for the plaintiff.

SANDERSON, J. The defendant agreed to employ the plaintiff as assistant merchandiseman for one year commencing September 18, 1928, at a salary of $3,000. The action is for the recovery of damages because of his alleged wrongful discharge. The jury found for the plaintiff. The contract of employment was made by the defendant personally in the presence of his general merchandise manager named Billings. The defendant at the time of the employment said to the plaintiff in substance that he was to take all orders from Billings and whatever Billings said was final. Evidence was introduced tending to prove that during the period of the plaintiff's employment he received orders from Billings and also from the defendant and the defendant's son. Subject to the defendant's exception, the plaintiff testified that on March 9, 1929, Billings told him that he must resign and said: "you are through, you can't go on with your work." The plaintiff then left the defendant's store and went to his home in Northampton. Three or four days later the defendant learned for the first time that the plaintiff had gone. The defendant knew the plaintiff's address but had no communication with him other than mailing him a check for $9.62 dated March 15, 1929. Subject to exception by the defendant, the trial judge denied the defendant's motion for a directed verdict and refused to give his requests for rulings to the effect that neither the defendant nor his authorized agents and servants terminated the employment, that it was not within the scope of Billings' real or apparent authority to discharge the plaintiff and that the plaintiff was not entitled to rely on the conversation of March 9, 1929, as terminating his contract with the defendant.

The important question in the case is whether the state-

ment of the defendant to the plaintiff at the time of the employment could be found to be a holding out of Billings to the plaintiff as having authority to terminate the contract of employment by discharging him. The direction to the plaintiff to take all orders from Billings, and the further statement that whatever Billings said was final could be found to be sufficiently comprehensive to justify the plaintiff, acting as a reasonable man, in believing that Billings had authority to terminate the contract by discharging him. The nature of the general duties of Billings, the unusual nature of an order amounting to a breach of contract and the other circumstances were not such as to justify the judge in ruling that Billings had not been held out as having such authority.

No error appears in the rulings to which exceptions were saved.

*Exceptions overruled.*