ARTHUR E. QUINBY *vs.* BOSTON AND MAINE RAILROAD.

Suffolk.   October 8, 1943. — June 28, 1945.

Present: FIELD, C.J., LUMMUS, DOLAN, & RONAN, JJ.

*Negligence,* Railroad: grade crossing; Contributory; Grade crossing. *Proximate Cause. Practice, Civil,* Requests, rulings and instructions.

A request, by a defendant in an action of tort in the Municipal Court of the City of Boston, for a ruling that "on all the evidence, the plaintiff is not entitled to recover because" of several specified grounds, might properly be dealt with as a unit and did not require a separate ruling upon each specified ground; and there was no error in its denial unless it should have been granted upon at least one of the specified grounds.

Findings, that the gate tender at a grade crossing of a railroad and a public way was negligent and that his negligence was a proximate cause of damage to an automobile owned and operated by the plaintiff, were warranted, and a finding of contributory negligence on the part of the plaintiff was not required as a matter of law, by evidence that there were gates on each side of the tracks and a tunnel at the plaintiff's right hand through which a train was approaching the crossing; that the plaintiff passed the gate nearer him but the gate tender lowered the farther gate in front of him and thus required his stopping the automobile on the tracks; that the gate tender, although aware of the plaintiff's position of danger, delayed raising the farther gate until after the automobile had stopped; that the motor of the automobile stopped when the automobile stopped; and that when the farther gate was belatedly raised, the plaintiff was unable to start the motor in time to avoid the automobile being struck by the train.

That the "plaintiff was contributorily negligent as a matter of law," specified as a ground for a request for a ruling that the plaintiff was not entitled to recover in an action of tort in a District Court, presented no question as to whether the evidence warranted a finding that the plaintiff was contributorily negligent.

The defendant in an action in a District Court was not harmed by the judge's denial of a correct request for a ruling "that no presumption of negligence arises from the facts of the accident," where the denial was accompanied by a statement, "I find that . . . [an employee of the defendant] was negligent": such finding purported to be based on the evidence and not to be a conclusion based on a presumption.

TORT.   Writ in the Municipal Court of the City of Boston dated July 19, 1934.

The case was heard by *Barron,* J.

*A. M. Knowles*, for the defendant.

*B. A. Sugarman*, for the plaintiff.

FIELD, C.J. This action of tort was brought in the Municipal Court of the City of Boston to recover compensation for damage to an automobile alleged to have been caused by the negligence of the defendant, the Boston and Maine Railroad, its agents or servants. The judge found for the plaintiff and refused to make certain rulings requested by the defendant. In denying one of these requests the judge made the special finding that "the gate tender was negligent." A report to the Appellate Division was dismissed and the defendant appealed to this court.

There was no error in the refusal of the requests.

There was the following evidence: The plaintiff on March 23, 1934, attempted to operate his automobile from west to east across the defendant's railroad tracks at the Bridge Street railroad crossing in Salem. A tunnel through which the railroad tracks run was at the right of the plaintiff as he proceeded. The end of the tunnel nearer him was seventy-five yards from the crossing. There are hand operated gates on each side of the crossing about seventy-five feet apart. (The location of the tracks does not appear more definitely.) The gate tender stood about sixteen or seventeen feet above the ground in a tower. He was "in a position where he could see traffic coming in any direction and crossing the tracks." The plaintiff approached the railroad crossing slowly. His automobile was "running smoothly." The "ground was slippery." As the plaintiff "got inside of the westerly set of gates or the first set of gates, he heard some bells and both sets of gates were coming down." The plaintiff "slowed down and stopped in order to avoid running into the easterly . . . set of gates which were down; . . . when the plaintiff stopped, his car settled in the area between the rails which formed a little gully; . . . the gates came down in front of him and to the rear of him; . . . after the gates came down, the plaintiff looked to his right and saw a locomotive approaching. At that time the locomotive had not yet entered the tunnel which was on his right. . . . When the plaintiff stopped

his car, it was on the rails, and when he stopped in order to avoid striking the gates, the motor of the plaintiff's car stopped; it had not stalled before he came to a complete stop. When the gate tender saw that the car was in the position that it was in, he started to raise the easterly or second set of gates. The plaintiff tried to start the motor of his car but was unable to do so. Efforts were made by him and others to push the car off the rail, but this was unsuccessful. A railroad flagman at the crossing ran toward the tunnel to signal the engineer to stop. There was no lessening of speed of the locomotive. The plaintiff took his brief case out of the car when he saw that the locomotive was not stopping, and the car remained on the rail until it was struck by the front of the engine. About thirty seconds elapsed between the time the car stopped to avoid hitting the gate and the collision."

There was also the following evidence: The "engineer of the locomotive could have seen the crossing before he entered the tunnel." The plaintiff's automobile "was on the rail when the locomotive started through the tunnel." (The length of the tunnel does not appear.) The "flagman who signalled for the locomotive to stop was not observed by the engineer." While "the locomotive was in the tunnel, the visions of the engineer and fireman were obscured by smoke and steam." When "the engineer saw the automobile on the track after he got out of the tunnel, he was unable to stop the train before striking the plaintiff's car." No "whistle of the locomotive was sounded as the train approached the crossing."

The report states that the witnesses "drew a diagram of the scene of the accident and indicated thereon the course of the plaintiff's auto[mobile] and its position at the time of the collision; the course of the train; the position of the gates; and of the tower in which the gate tender stood." But the report states that it "contains all the evidence material to the questions reported," and we must assume that the diagram would have furnished no further material evidence.

The tenth request for a ruling was denied. This requets

was for a ruling that "on all the evidence, the plaintiff is not entitled to recover because, (a) There is no evidence of negligence on the part of the defendant, its agents or servants; (b) The plaintiff was contributorily negligent as a matter of law; (c) The accident was caused wholly or in part by some defect in the automobile or in the manner of its operation." This request for a ruling "on all the evidence" was a request for a single ruling with the grounds therefor specified as required by the Rules of the Municipal Court of the City of Boston. See Rule 28 (1932); Rule 28 (1940). All that was required of the judge was to deal with the request as a unit. It did not call for a separate ruling of law upon each of the specified grounds. There was no error in the denial of this request unless it should have been granted upon at least one of the specified grounds. *Memishian* v. *Phipps*, 311 Mass. 521, 523. *Ryerson* v. *Fall River Philanthropic Burial Society*, 315 Mass. 244, 245–246.

There was no error in the denial of this request for a ruling on specified ground "(a) There is no evidence of negligence on the part of the defendant, its agents or servants." The judge made a special finding that "the gate tender was negligent." Although the evidence was somewhat meager, it cannot rightly be said to have been insufficient to warrant this finding.

It was the duty of the gate tender, implied in the nature of his employment, to use reasonable care to protect travellers on the railroad crossing from danger from a locomotive travelling along the railroad tracks at the crossing. See *S. E. Rand Transportation Co.* v. *Boston & Maine Railroad*, 273 Mass. 327, 332. There was evidence that the plaintiff in operating his automobile was travelling on the crossing within the seventy-five foot area between the westerly and easterly sets of gates. It could have been found that the plaintiff's automobile came upon the crossing before the westerly set of gates was lowered, but that after the automobile was inside the westerly set of gates both sets of gates were lowered so that it was shut in upon the crossing between the two sets of gates. There was evidence that a locomotive was approaching from the

plaintiff's right. It could have been found that the plaintiff in this situation was exposed to the danger of his automobile being struck by the approaching locomotive and that, from the time that the automobile came inside the westerly set of gates, the gate tender should have known that the plaintiff was exposed to this danger. It could have been found also that it was so probable that the plaintiff would attempt to escape the danger by continuing to operate the automobile across the tracks that the gate tender should have anticipated that the plaintiff would make such an attempt and should have exercised reasonable care in the management of the gates to prevent them from interfering with the success of the plaintiff's attempt. It could have been found that it was probable that the plaintiff's attempt would have been successful if he had not stopped his automobile to avoid striking the easterly set of gates, since it could have been found that, if the automobile had not been stopped by reason of the gates being down, there would have been time enough for the plaintiff to drive the automobile across the tracks and out of the way of the approaching locomotive. It could have been found that the gate tender did not start to raise the easterly set of gates until the plaintiff's automobile was stopped upon the tracks by reason of these gates being down. We think that a finding was warranted that the gate tender, in the light of the knowledge of the situation that he should have had, by not starting earlier to raise the easterly gates, failed to exercise reasonable care toward the plaintiff and consequently was negligent as to the plaintiff.

The present case falls within the principle governing *Warren* v. *Boston & Maine Railroad,* 163 Mass. 484. The plaintiff in that case was driving in a horsedrawn vehicle across railroad tracks at a crossing. There was a gate on each side of the tracks. The distance between them was eighty-four feet. There was evidence that the plaintiff entered upon the crossing when the gates were up, that the gates were thereafter lowered by the gate tender so that the plaintiff's vehicle was shut in between the gates, and that the plaintiff's vehicle was struck by a train. Though the

plaintiff shouted to the gate tender to raise the gate, the gate tender did not do so. It was held that the evidence warranted a finding that the gate tender was negligent. The fact that there was evidence in that case that the plaintiff shouted to the gate tender to raise the gate and that the gate tender did not do so does not distinguish the case in principle from the present case where it could have been found that the gate tender should have known the situation and in the exercise of reasonable care should have started to raise the gates earlier.

The conclusion stated is not precluded by the possibility that the raising of the gates for the benefit of the plaintiff would create a risk of danger to other travellers. As was said in *Hoosac Tunnel & Wilmington Railroad* v. *New England Power Co.* 311 Mass. 667, 673, whether "given conduct is negligent is to be determined, not alone with reference to its probable effect upon a person who is actually injured by it, but also with reference to the probable effect upon other persons of the possible alternative conduct." See Am. Law Inst. Restatement: Torts, § 295. But there was no evidence that any person was in a position to be endangered by the gate tender's raising the gates to enable the plaintiff to escape the threatened danger. Although the burden of proving negligence was on the plaintiff, he was not required to "exclude all possibility" that the failure to raise the gates was without fault on the part of the gate tender. The plaintiff had only to show "a greater probability that . . . [the failure to raise the gates] resulted from . . . [the gate tender's] negligence than from a nonactionable cause." *McCabe* v. *Boston Consolidated Gas Co.* 314 Mass. 493, 496. The evidence warranted such a finding. A finding of negligence on the part of the gate tender was not precluded by the evidence that when the plaintiff "stopped in order to avoid striking the gates, the motor of the plaintiff's car stopped," and when the plaintiff "tried to start the motor . . . [he] was unable to do so." So far as appears, this evidence, although uncontradicted, could have been disbelieved. It does not appear that it was testimony of the plaintiff by which he was bound, and dis-

belief of this evidence would not be fatal to the plaintiff's case. But even if this evidence was believed, it could have been found that the gate tender, in the exercise of reasonable care toward the plaintiff, should have started to raise the gates to allow free passage to the plaintiff's automobile before the automobile was stopped by reason of the gates being down. And this would be true even if the gate tender was not bound to anticipate that the motor of the plaintiff's automobile would not start after the automobile was stopped. See *Davis* v. *New York, New Haven & Hartford Railroad,* 272 Mass. 217, 222.

The defendant contends that it could not be found that the conduct of the gate tender was a cause of the damage to the plaintiff's automobile. It is at least doubtful whether the question of the causal relation of the gate tender's conduct to the damage sustained by the plaintiff is presented by specified ground (a) which relates only to negligence. Negligence and causal relation are distinct concepts. Both must be proved to establish liability, but there may be negligence toward a person — breach of a duty owed to that person — although such negligence is not a cause of damage and therefore does not create liability. Such breach of duty toward an individual is not open to the objection that "there is no such thing as negligence in the abstract." See *Tompkins* v. *Quaker Oats Co.* 239 Mass. 147, 149. But even if it is assumed that specified ground (a) presents the question of causal relation between the conduct of the gate tender — which could have been found to have been negligent toward the plaintiff — and damage to the plaintiff's automobile, it could not rightly have been ruled that the evidence was insufficient to warrant a finding that such conduct of the gate tender was a cause of the damage to the plaintiff's automobile. It could have been found that the failure of the gate tender to start earlier to raise the gates constituted a substantial factor in bringing about such damage. Am. Law Inst. Restatement: Torts, §§ 431, 433. It could have been found that this failure of the gate tender continued to be "efficiently, actively, and potently operative," although the inability of the plaintiff to start the

motor of his automobile after the automobile had been stopped to avoid striking the gates that were down co-operated to produce the final result. *Wallace* v. *Ludwig,* 292 Mass. 251, 255.

It is unnecessary to consider whether the evidence warranted a finding of negligence on the part of any agent or servant of the defendant other than the gate tender.

There was no error in the denial of the tenth request for a ruling on specified ground "(b) The plaintiff was contributorily negligent as a matter of law." The burden of proving contributory negligence of the plaintiff was on the defendant. G. L. (Ter. Ed.) c. 231, § 85. This specified ground presented no question as to whether the evidence warranted a finding that the plaintiff was contributorily negligent. Even if it presented such a question, a ruling that the evidence warranted such a finding would furnish no ground for a granting of the tenth request. We need not consider whether the evidence warranted such a finding, and we intimate no opinion on this question. But whether or not the evidence warranted such a finding, it clearly did not require such a finding as matter of law. It does not appear that the evidence bearing upon the issue of contributory negligence of the plaintiff was of such a nature that the judge was required to believe it. Nor — if the point is open — did the evidence essential to prove negligence of the defendant require as matter of law a finding of contributory negligence of the plaintiff. Finally, even if all the evidence upon the issue of the plaintiff's contributory negligence was believed, it did not require an inference that the plaintiff was contributorily negligent. This evidence was not necessarily inconsistent with due care on his part.

There was no error in the denial of the tenth request for a ruling on specified ground "(c) The accident was caused wholly or in part by some defect in the automobile or in the manner of its operation." The tenth request based upon this specified ground was a request for a finding of fact not required as matter of law upon the evidence, and the judge was not bound to make the finding in response to such a request. *Perry* v. *Hanover,* 314 Mass. 167, 170. The closely

similar eighth request was denied rightly for the same reason.

There was no error in the denial of the second and sixth requests for rulings. These requested rulings related to negligence in the operation of the locomotive. They were so phrased as to amount to rulings that the plaintiff could not recover on the ground of negligence of agents or servants of the defendant other than in the operation of the locomotive. They could not rightly have been given in view of the evidence warranting findings that the gate tender was negligent and that his negligence was the cause of damage to the plaintiff's automobile.

The seventh request for a ruling was "That no presumption of negligence arises from the facts of the accident." The judge's disposition of the request was "Denied. I find that the gate tender was negligent." While the requested ruling was correct as matter of law and might properly have been given, the special finding of fact, warranted by the evidence, as has been pointed out, rendered the denial of the request, so far as the negligence of the gate tender is concerned, harmless. A presumption is not evidence, but a rule about evidence. *Duggan* v. *Bay State Street Railway,* 230 Mass. 370, 378. The language of the judge in the special finding fairly imports a finding upon evidence and not a conclusion based upon a presumption. See *Brodeur* v. *Seymour,* 315 Mass. 527, 530. And since no finding of negligence of any agent or servant of the defendant other than the gate tender was required to support the general finding for the plaintiff, the denial of this request, so far as it applied to such other agents or servants, was harmless.

*Order dismissing report affirmed.*