*Southern District*

## HOUSEHOLD FINANCE CORPORATION
### v.
## RONALD F. FOLEY and BARBARA A. FOLEY

*Present*: Nash, P.J., Callan & Kalus, JJ.

Case tried to *Horrocks, J.* in the Third District Court of Bristol (New Bedford). No. 2531.

*Kalus, J.* This is an action in tort for deceit arising out of a false written financial statement made by the defendants to the plaintiff in connection with their application for a renewal of a loan.

The defendants have a finding and the report before us states that the Plaintiff claims ". . . to be aggrieved by the refusals [of the court] to rule as requested and the finding for defendants. . ."

The following facts are not in dispute: On May 3, 1960, the defendants (husband and wife) applied to the plaintiff for a loan for the purpose of paying off an existing loan due from them to the plaintiff. Prior to the approval of this loan the defendants filled out and "executed" a financial statement, listing their debts as of that date in the sum of $1625.37. In fact, on said date, the indebtedness of the defendants was approximately $4,000.00, and the defendants knew their statement was untrue. In September, 1960, the defendants filed a petition in bankruptcy, listing the plaintiff a creditor, with their total debts slightly in excess of $4,000.00.

Assuming that the plaintiff's request raised the question of the sufficiency of evidence to "warrant" a finding for the defendants, the central issue in this case is whether the trial justice was "warranted" in finding, as he did, in substance (a detailed statement of the relevant findings by the court is set out later in this opinion) that there was no deceit, in that the plaintiff knew of the falsity of this financial statement and placed no reliance on it.

The evidence on this question is in sharp conflict.

The defendants testified substantially as follows: During the negotiations for this loan, before the financial statement was filled out, the plaintiff's assistant manager, one Mr. Hebert, inquired of them whether their present debts were in excess of those listed by them in the previous applications, and that when they answered in the affirmative, he told them that it was not necessary to list the new debts; that on each previous occasion when they had applied for a (renewal) loan, they were told the same thing.

The testimony in behalf of the plaintiff was substantially as follows: Mr. Hebert and one Mr. Mitchell, branch manager, denied that any such conversation took place, and stated that at no time did the plaintiff officers know of the falsity, and that the loan was granted in reliance upon the defendants financial statement.

The court made the following findings of fact:

"I find that the plaintiff is a finance company with offices in New Bedford, Massachusetts, and that the defendants had been borrowers of customers of the plaintiff since about 1955. I find that the defendants borrowed money several times from the plaintiff corporation and during the 14 month period prior to May 3, 1960, renewed the same loan four times. I find that this loan was for $550.00 plus interest and that each time it was re-written, the defendants received less than $100.00. The plaintiff corporation in each instance returned the principal sum of the loan to $550.00. I find that

the defendants missed two payments in 14 months and that four other payments were missed when the loan was refinanced. I find that despite this record of payment, the plaintiff corporation regarded the defendants as "A" credit risk and that their five year record of payment was good.

I further find that in each instance when the defendants applied for a loan or a renewal, that the defendants were asked to complete a financial statement listing all of their outstanding obligations. I find that on May 3, 1960, the defendants completed such a financial statement and listed $1621.35 as outstanding obligations. I find that the defendants had in fact over $2000.00 more in obligations.

I find that in September, 1960, the defendants went into bankruptcy and listed this plaintiff corporation as a creditor and also listed debts around $4000.00.

I find that the plaintiff corporation representative had at his disposal all four renewals of the defendants' loan and a notification from the credit bureau of 3 inquiries on this account, together with the defendants' record of payment. I find further that the defendants told the plaintiff corporation representative at the time of the last loan on May 3, 1960, that they had other debts but that he said "never mind, this is enough."

The plaintiff corporation alleges that they relied on the defendants' financial statement to their damage. I do not so find. I find that the plaintiff corporation knew or should have known the defendants' condition and decided to make the loan because of the good payment record of the

defendants over a five year period. I find that the plaintiff corporation did not rely on the financial statement but relied on the defendants' past payment record.

I further find that the defendants did not intend that the plaintiff corporation rely on this statement.

It is perfectly apparent from the foregoing that the plaintiff was denied recovery because the trial judge determined that one of the essential elements of deceit, namely, reliance of the plaintiff on the false statements of the defendants, was not established by the plaintiff. This determination involved a pure question of fact, and therefore, if such finding was permissible on the evidence, it must stand. It is a well established principle of procedure that findings made on oral evidence by a district court are final, and are not subject to review by the Appellate Division. See G.L. c. 231, §108. They cannot be reversed unless the findings are affected by errors in rulings of law presented by the report or unless they are plainly wrong. The judge has the vantage of seeing the witnesses and hearing them testify, and he can give all of the weight he could justifiably attribute to the testimony, and the determination of weight is the exclusive function of the trier of fact. *Josephine Codman v. Beane,* 312 Mass. 570; *Deitrick v. Siegel,* 313 Mass. 612, 613.

At first glance it would seem that the tes-

timony of the defendants is not persuasive when it is considered in the light of what possible motivation the plaintiff's agents might have in doing what the defendants said they did. After all, the plaintiff is interested in "good credit risks" in making loans. However, when the matter is considered in the light of a possible stratagem by the plaintiff to bind debtors in an action in deceit, and thereby prevent any escape from the debt in the event of bankruptcy, then the testimony of the defendant, if believed, is significant and persuasive.

We have examined the disposition by the trial judge of the plaintiff's request for rulings, and we conclude that there was no error. The judge granted the requests that the evidence "warranted" a finding for the plaintiff, and as to the other plaintiff's requests, each stating a correct principle relating to the law of deceit and its non-discharge in bankruptcy, the judge properly denied them as not applicable in view of the subsidiary findings, and in particular, the finding that the plaintiff did not rely on the defendants' false statements.

Report dismissed.

Gerald Franklin of New Bedford, for the Plaintiff.

Paul J. McCawley of New Bedford, for the Defendants cited *Dadison-Paxton Company v. Cauldwell*, 313 US 564 in which the Supreme Court of the United States stated that, where a lender knew the

facts regardless of what a loan application does state, the lender cannot therefore claim fraud to avoid the bar of bankruptcy. The court further made a more stringent test to allow fraud to defeat the bar of bankruptcy wherein it stated that the lender must show that, in addition to not knowing the actual fact situation of the existence of more debts than what was on the loan application, he must also show that he was actually thrown off his guard and that the lender had no cause to omit further inquiry or examination which otherwise he would have made.