*Western District*

## SAMUEL FAGIN d.b.a.
## NATIONAL FOOD PACKERS

v.

## JOSEPH COUPAL and RITA COUPAL

Argued: June 30, 1964—Decided: July 13, 1964

*Present*: Garvey, P. J., Moore, Levine & Allen, JJ.

Case tried to *Sloan, J.* in the District Court of Springfield. No. 152061.

*Garvey, P. J.* In this action of contract the plaintiff in Count 1 seeks to recover $550.15, the amount claimed to be due the plaintiff, as assignee, from the defendants under the terms of a conditional sale contract, and in Count 2, $271.00, the price of frozen foods allegedly purchased by the defendants. The pleas in the answer of the defendants on which they now rely consist of a general denial, denial of the genuiness of their signature to the contract and demand for proof thereof. After a trial there was a finding for the defendants on both counts. The case is reported at the request of the plaintiff.

All the evidence came from witnesses called by the plaintiff. On objection of the defendants, it was received *de bene,* "subject to being tied up with the defendants". At the conclusion of the trial the defendant's attorney inquired of the trial justice if anything further was necessary to protect the rights of his clients as to the evidence received *de bene.* The court said "No".

When evidence is received conditionally, or, as it is commonly called *"de bene",* the burden is upon the objecting party to move to strike, generally when the evidence is closed, *Alden Bros. Co. v. Dunn,* 264

Mass. 355, 362, Massachusetts Practice Series, Hughes on Evidence, §216, and in District Courts any party aggrieved by the ruling has the right to claim a report, reduce it to writing in a summary manner, and file it with clerk within five (5) days after the close of the evidence. G. L. (Ter. Ed.) c.231, §108 as amended. Rule 27 of the Rules of the District Courts (1952). Because of the failure of the defendants to move to strike and secure a ruling from the court, the evidence admitted *de bene* remained for the court's consideration.

The reported evidence shows that the plaintiff's manager testified that he sold a freezer to a Joseph Coupal and a Rita Coupal and in his presence obtained their signatures to a conditional sales contract dated November 21, 1958. On the same day he took a food order from the same people which is the subject of the plaintiff's claim in Count 2. An employee of the plaintiff testified that he delivered the freezer to a Mrs. Coupal (when and where the delivery was made is not stated) and a few days thereafter delivered a quantity of frozen foods to a Mrs. Coupal who signed the name Rita Coupal to an itemized food list and was paid $30.00 by her. An officer of the Valley Bank & Trust Company testified that the conditional sales contract was assigned to it by the plaintiff in November of 1958; that all installment payments to the bank were made by the plaintiff; that it re-assigned the contract to the plaintiff on December 21, 1960.

The court made the following special findings of fact:

"I find that there was no evidence introduced identifying the defendants as the signers of the agreement or any evidence as to the assignment to the plaintiff. The only evidence offered as to the identity of the defendants was that certain documents were signed by people having the same name as the defendants".

 We note, contrary to the court's special finding, there was introduced in evidence a written assignment of the contract by the bank to the plaintiff dated *December* 21, 1960. But this action was commenced by the plaintiff by writ dated March 18, 1959 and in his declaration stated "(t)hat (he) is the assignee and holder, in good faith and for a valuable consideration, of a certain conditional sales contract . . . . " He did not in fact become the assignee and holder until some nineteen months thereafter. While the court in its findings seems to rest its decision on lack of identity of the defendants, which we find justified on the evidence, the plaintiff cannot recover in any event on Count 1 as he was not at the time of the commencement of the action the assignee and holder of the contract. Further there was no proof of the defendants' signatures to the contract.

 As to the second count (food alleged to have been purchased by the defendants) the plaintiff argues that there was sufficient evidence of the identity of the defendants to justify a finding for him and it was therefore

error to deny his request "There is evidence which warrants a finding for the plaintiff". Assuming there was sufficient evidence of identity to create a factual issue, compare *Herman v. Fine*, 314 Mass. 67, 69 with *Brockton Hospital v. Cooper*, 345 Mass. 616, the court was not required to so find. When he found "the only evidence offered as to the identity of the defendants was that certain documents were signed by the people having the same name as the defendants" clearly shows he considered the evidence on this issue and resolved it in favor of the defendants. The requested ruling of the plaintiff was thereby made immaterial and its denial proper. *Perry v. Hanover*, 314 Mass. 167; *Brodeau v. Seymour*, 315 Mass. 527; *Liberatore v. Framingham*, 315 Mass. 538; *Quinby v. B & M RR.*, 318 Mass. 438; *Connell v. Maynard*, 322 Mass. 245; *Horton v. Tilton*, 325 Mass. 79.

No prejudicial error being found the *report is to be ordered dismissed.*

David Burres, of Springfield, for the Plaintiff.

Edward J. Barry, of Springfield, for the Defendants.