## *Western District*

### JEANNETTE RYAN

### v.

### ALICE E. PATTERSON

Argued: March 8, 1966 - Decided: March 28, 1966

*Present*: Garvey, P.J. and Allen, J.

Case tried to *DiCicco, J.* in the Central District Court of Worcester No. 141496.

*Garvey, P.J.* In this motor tort action* after a trial, there was a general finding for the defendant. No requests for rulings of law were filed. Thereafter, the plaintiff filed a motion for a new trial asserting the finding was (a) against the evidence (b) the weight of the evidence, and (c) the law. After a

---

* It appears, from the reported evidence, that about 12:30 A.M. on May 5, 1963 on Main Street in Shrewsbury, the plaintiff was injured as a result of a collision between a motor vehicle operated by her husband, in which she was a passenger, and one operated by the defendant. Her husband's motor vehicle was travelling upgrade in a westerly direction —defendant's downgrade in the opposite direction. To enable him to enter upon and cross a gravel area, not a public way, which provided a "short cut" to Oakland Avenue, plaintiff's husband turned his vehicle left in front of and across the defendant's lane of travel. The defendant applied her brakes and turned her vehicle to the left. The right front of defendant's vehicle collided with the right rear of the other vehicle.

hearing, at which no evidence was offered and no requests for rulings of law filed, the motion was denied. To its denial the plaintiff claimed a report.

As no abuse of discretion to the denial of the motion for a new trial has been asserted or argued by the plaintiff it is doubtful if any issue of law is presented on this report.

"Appellate review in law cases is ordinarily limited to questions of law. The right to 'request' or 'claim' a report from a judge of a District Court to the Appellate Division is given only to a 'party . . . . aggrieved by any ruling on a matter of law , and the right of a judge voluntarily to report a case to the Appellate Division is limited to a case 'in which there is an agreed statement of facts or a finding of the facts or any other case involving question of law only'. *G.L.* (*Ter. Ed.*) c. 231, §108. There can be no such review of a question of fact or discretion." *Hartley v. Phillips,* 317 Mass. 35, 42.

*Spiller v. Metropolitan Transit Authority,* 348 Mass. 576, is the latest in a long line of cases holding that unless an abuse of discretion appears or the refusal will result in manifest injustice the denial of a motion for a new trial is discretionary. There was no error in the denial of the motion.

The main thrust of the plaintiff's argument seems to be that the trial justice erred in finding for the defendant. Requests for

rulings of law not having been filed·that issue is not before us. "If the plaintiff had desired to raise the question of law whether the findings of the judge were warranted by the evidence it should have presented a request for a ruling and asked a report to that end." *Mass. Gen. Hospital* v. *Quincy,* 348 Mass. 791. This she did not do.

Nevertheless, we observe that "it is a general rule that a trial judge's general and special findings are to stand if warranted upon any possible view of the evidence." *M. DeMatteo Construction Co.* v. *Commonwealth,* 338 Mass. 568, 572. *Moss v. Old Colony Trust Co.* 246 Mass. 139, 143-144.

"It can rarely be ruled as a matter of law that the party upon whom rests the burden of proof has maintained his case where the decision rests upon the credibility of oral testimony and the inferences to be drawn from the circumstances. *"Winchester v. Missin,* 278 Mass. 427, 428. *Hoffman v. Chelsea,* 315 Mass. 54, 56. When there is a collision between motor vehicles in circumstances such as present here whether there has been negligence on the part of either or both operators is generally one of fact. *Barrows v. Checker Cab Co.,* 290 Mass. 231, 233. *Bresnick v. Heath,* 292 Mass. 293, 297.

*The report is to be dismissed.*

James F. Bergin of Worcester for the plaintiff.

Berge C. Tashjian of Worcester for the defendant.