*Municipal Court of the*
*City of Boston*
No. 242304

**JOHN CATALDO**

**v.**

**HERTZ CORP., ET AL**

Argued: Jan. 26, 1973 - Decided: April 25, 1973

*Present:* Lewiton, CJ., Morrissey, Glynn, JJ.
Case tried to *DeGuglielmo, J.*

**Glynn, J.** This is an action of tort in which the plaintiff seeks to recover for property damage to his motor vehicle on April 21, 1969. The plaintiff's wife, Donna Cataldo, was the operator of his car and the defendants are the Hertz Corporation, owner and lessor, and Jack Krueger, the driver, an employee of V. Cirace & Son of Boston, lessee of the truck involved in the accident. The plaintiff sued the Hertz Corporation in Count 1 and Jack Krueger in Count 2, alleging negligence in both counts. The defendants' answer was general denial, contributory negligence and that the damage was caused by someone for whose conduct the defendants were not legally responsible.

**There was evidence** offered by the plaintiff's wife that she approached the parked truck of the defendant [Hertz], which was parked with its rear to the curb next to a fire hydrant, and

its front faced the opposite sidewalk. The width of the street, which carried traffic in both directions, was about 20 feet and that the plaintiff's operator had to pull to the left of center to pass the front of the truck. She had to squeeze through the opening and some part of the front bumper of the truck hooked onto the right door of the plaintiff's car causing the damage. She also testified there were cars to her rear beeping their horns.

The defendant Krueger testified he was inside the truck and did not see the accident. Krueger testified the accident happened some 60 yards from where the plaintiff's wife said the accident happened. He also testified that the truck was parked at a loading zone on the sidewalk, parallel to and up against a building, and he had been there about one hour before the accident, unloading beer and wine.

The plaintiff, John Cataldo, testified as to the value of his car before and after the accident.

Various interrogatories of the plaintiff to the defendant Hertz Corporation were read into evidence by the plaintiff. The plaintiff also offered the Sheriff's return and various docket entries. The plaintiff filed requests for rulings applicable to its claim against each defendant. The court found for the defendants and the plaintiff claims to be aggrieved by the judge's ruling on requests numbered 1, 4 and 10 in the case against Krueger, and by the

judge's denial of requests numbered 4, 5, 6, 7, 8 and 9 in the action against Hertz.

■ As to the case against the operator of the truck, Krueger, the court denied request #1 which stated that, "The plaintiff is entitled to recover against the defendant Jack H. Krueger as the operator and in charge of the vehicle which was in collision with the plaintiff's vehicle." The court denied this request and stated, "I find accident complained of occurred solely through negligence of Donna Cataldo." In view of this finding of fact, the ruling of the trial judge was correct.

■ Request #4 in the case against Krueger states "The evidence warrants a finding that this defendant was negligent." The court ruled, "Denied — negligence if any was a condition and not a cause".

Although there was evidence that would have "warranted" a finding that the defendant was negligent, the trial judge found as a fact on request #1 the "sole" cause of the accident was the negligence of the operator. He also added, in ruling on request #4, that any negligence "if any" of the defendant was a condition and not a cause. This finding was based on the evidence heard. From the evidence contained in the report the ruling of the trial judge was warranted. There was sufficient evidence on which the court could find any act of the defendant Krueger was a condition and not a cause of the accident. *Wall*

v. *King*, 280 Mass. 577. *Newcomb* v. *Boston Protective Dept.*, 146 Mass. 596. *Falk* v. *Finkleman*, 268 Mass. 524.

Request #10 assumed findings that the operator of the plaintiff's vehicle was under compulsion to squeeze through a narrow space and that she faced a difficult task in doing so, and requested a ruling that on those assumptions she "may" be found free of negligence. While the court might have denied this request by stating that the assumed facts were not found, (see Rule #30 of the Rules of the Municipal Court of the City of Boston for Civil Actions) this was not done. However, since the trial court found as a fact that the accident occurred solely through negligence of the plaintiff's operator, the denial of the requested ruling was not prejudicial.

The plaintiff also claimed to be aggrieved by the action of the trial judge on requests numbered 4, 5, 6, 7, 8 and 9 in the case against the lessor, Hertz Corporation.

The judge ruled request #4 as "Immaterial". It was a proper ruling. It was not a request for a ruling of law, and it was immaterial in view of the fact that the defendant, Krueger, was in court, represented by counsel and testified.

Requests #5, 6, 7, 8, 9 and 10 deal with the responsibility of the lessor Hertz. These were denied. The issue became moot as a result of the findings of the trial judge, as to the sole

negligence of the plaintiff's operator. The plaintiff was not harmed by these rulings. *Horton* v. *Tilton,* 325 Mass. 79. *Quimby* v. *Boston & Maine RR,* 318 Mass. 438. *White* v. *Beacon Trust,* 277 Mass. 25.

The plaintiff argued other matters involving violations of statutes governing transportation of alcoholic beverages, and other matters, all of which became immaterial and moot in view of the judge's findings. No discussion of these matters is deemed necessary.

A review of the evidence reported justifies and warrants the findings of the trial judge. The plaintiff was not aggrieved by the rulings of the trial judge and the report should be dismissed. **Report dismissed.**

MAURICE H. KRAMER of Boston
    for the Plaintiff

HERBERT J. REDMAN and
MALCOLM J. PORTNOY
    for the Defendants