*In the Third District Court of Bristol*
*Southern District*
No. 8904

## ADOLPHE PLANTE

*v.*

## MANUEL F. CALDAS, et al

Argued: Jan. 15, 1973      Decided: July 3, 1973

*Present:* Robert S. Prince (Single Justice)

Case tried to *Bento, J.*

**Prince, J.** This petition to establish a report was referred to me to sit as single justice by Honorable Henry L. Murphy, Presiding Justice of this Appellate Division. Said petition by means of a narrative statement sets forth the purported evidence presented at the trial.

After consideration of the plaintiff's petition

to establish the report, the oral arguments of each counsel made on January 15, 1973, and the plaintiff's brief, the basis of the plaintiff's petition appears to allege an inconsistency between the general finding for the defendant and the evidence presented at the trial as set forth in the petition, much of which favoring the plaintiff was uncontradicted.

The plaintiff further contends that the trial judge's failure to take a view, though requested by each counsel, constituted error.

Although the petition was silent as to the motion for new trial, the plaintiff argues that the filing of that motion raises the issue of the alleged inconsistency between the finding of the court and the evidence.

I find the plaintiff filed no requests for rulings either at the termination of the evidence, before the finding or at the time the motion for new trial was filed. The trial justice entered a finding for the defendant on March 2, 1972. The plaintiff's motion for new trial and the plaintiff's draft report were filed on March 9, 1972. The motion for new trial was denied on April 13, 1972.

On *October 19, 1972,* after hearing on the plaintiff's draft report (second draft), the trial justice ruled by letter, as follows:

"Mr. Lipsitt was unwilling to assent to certain changes in the report which I felt were proper and finally asked that I dismiss the

Draft Report and that he would file a written request for report to the Appellate Division."

The plaintiff's motion for new trial was referred to in oral argument and in his brief. The contents of the motion were never presented to me. It appears that the motion for new trial related to the inadequacy of the damages. After consideration, I make the following rulings relating to the petition to establish report.

(1) Whether or not the failure of the trial Judge to take a view after having been requested to do so by both counsel constituted an error at law, should have been raised by a Request for Ruling at the termination of the evidence and before the finding. None was filed. In general, whether or not a view is taken rests in the sound discretion of the trial judge.

(2) The action of the trial judge denying the motion for new trial alleging that damages were inadequate or that the finding was against the weight of the evidence is a matter of judicial discretion and not subject to review by the Appellate Division. No question of law is presented by the action on the motion. (*Graustein, Petr.*, 305 Mass. 571; *Nerbonne* v. *New England Steamship Co.*, 288 Mass. 508).

(3) Findings made on oral evidence by a District Court judge are final and not subject to review by the Appellate Division.

(4) Findings of the District Court judge cannot be reversed unless they are affected by errors in rulings of law presented by the report or unless they are plainly wrong. (*Household Finance* v. *Foley,* 24 Mass. App. Dec. 46; *Ryan* v. *Patterson,* 34 Mass. App. Dec. 113).

Based on the rulings set forth above, I find that the trial Judge heard the evidence and made a general finding for the defendant based on his view of the facts. I am unable to find that the finding was plainly wrong or that it was reversible error as a matter of law. Even if the Petition were to be allowed, I can find no issues of law raised for consideration by the Appellate Division.

The Petition to Establish Report is denied.

JOSEPH LIPSITT
   for Plaintiff

SHELDON FRIEDLAND
   for Defendant