Glynn, J.
The plaintiff in his complaint sought to recover for damages to his motor vehicle and loss of a CB radio and Regency scanner, the loss occurring in the defendant’s parking garage.
It was stipulated by the parties that there was a bailment for hire of the motor vehicle and damages were in the amount of $588.45. There was evidence presented that the plaintiff’s car had two 12 inch chrome antennae bolted to the roof with white coils positioned half-way up the antennae. These coils were about 2 or 3 times the diameter of the antennae which were about the thickness of an ordinary ballpoint pen. There was also a third chrome antenna mounted on the left front fender. When the plaintiff returned, the right front vent window was broken and the CB radio, Regency scanner, and 8 crystals were missing.
The defendant offered testimony from Supervisory General Manager Steven Martell that one Mr. Bates was the manager of the parking facility on the day of the incident. Mr. Bates did not testify. Mr. Martell was not present on the day of the loss but testified that the defendant had a security patrol on a 24-hour basis which consisted of 2 patrolling security officers who would periodically, either together or in sequence, patrol the *141 garage which consisted of 9 separate levels. Martell further testified that it was customary for the manager of the facility to make periodic patrols. There was testimony that a patrol of the 9 levels would take approximately 20 minutes. There is nothing in the report regarding the conduct of the defendant’s security employees on the day of the specific incident. The plaintiff testified that he saw no security guards before or after the loss and that he had used the parking facility periodically over a two year period and had never seen a security guard.
The defendant filed requests for rulings as follows:
1. The evidence requires a finding for the Defendant.
COURT: Denied.
2. The law requires a finding for the Defendant.
COURT: Denied.
3. That the Defendant exercised ordinary and reasonable care in regard to the possession of Plaintiffs property.
COURT: Denied. See findings.
4. That the Plaintiffs motor vehicle was not under the control and custody of the Defendant.
COURT: Denied. See findings.
5. That the keeper of a garage who receives an automobile for storage as a bailee for hire does not incur liability with respect to property contained in the automobile of which he reasonably has no knowledge. Rogers v. Murch, 253 Mass. 467; Greenberg v. Shoppers Garage, Inc., 329 Mass. 31.
COURT: Denied. Immaterial in view of findings.
6. That there is no evidence that the Defendant reasonably should have known that there was personal property contained in the Plaintiffs automobile. COURT: Denied. Immaterial in view of findings.
7. That the defendant owes a duty of reasonable care under the circumstances to safeguard the bailed property of which he has knowledge.
COURT: Allowed. But see findings.
The trial court also made the following findings of fact:
On March 10, 1976, the plaintiff parked his 1969 Volkswagen car in the defendant’s garage. This constituted a bailment for hire relative to the vehicle. When he returned later that day, the right vent window was broken, the dash board had been tampered with, and the CB radio and Regency scanner were missing from the vehicle. The plaintiff had locked his car when he left it with the defendant, and at that time the auto theft locks were in operation so that the windows of the vehicle could not be opened without the locks being removed. The defendent reasonably should have had knowledge that plaintiffs automobile contained a Citizen’s Band radio and scanner. The defendant did not exercise a reasonable degree of care of an ordinary prudent person in similar circumstances in protecting the plaintiff’s automobile and the CB radio and scanner.
The defendant claims to be aggrieved by the judge’s rulings on requests numbered 1 through 6, and the findings of fact of the trial judge.
As to requests for rulings numbered 1 and 2, the court properly denied these requests. These requests are general requests, and without any inference to the specific evidence, upon which these requests are based. Memishian v. Phipps, 311 Mass. 521 (1942); Quinby v. Boston & Maine RR, 318 Mass. 438 (1945); Pannella v. Reilly, 304 Mass. 172 (1939).
It is a question of fact to be determined by the trial judge whether or not there is a bailment of the articles that were taken from the plaintiffs motor vehicle.
The law in this Commonwealth now places on the bailee for hire the responsibility of *142 showing reasonable care of the bailed motor vehicle and any articles contained therein provided that the bailee knew or reasonably should have known of the presence of these articles. Greenberg vs. Shoppers Garage, 329 Mass. 31 (1952); Stephens v. St. Botolph Holding Co., 316 Mass. 238 (1944).
There was evidence upon which the trial judge made a finding that ‘ ‘the defendant did not exercise a reasonable degree of care of an ordinary prudent person in similar circumstances in protecting the plaintiff’s automobile and the CB radio and scanner. ”
The denial of the defendant’s requests numbers 3 through 6 was proper. The report states evidence and testimony upon which the judge made his findings of fact. Stevens v. St. Botolph Holding Co., supra.
In order for the defendant to be held liable for the missing articles, it is necessary that the plaintiff show that (1) the defendant did know or should reasonably have known of the presence of the missing articles. Greenberg v. Shoppers Garage, supra.
From the evidence contained in the report, the trial judge had sufficient credible evidence presented from which he found that the defendant knew or should reasonably have known of the presence of the CB radio and scanner in the plaintiff ’ s motor vehicle.
Since Knowles v. Gilchrist, 362 Mass. 642 (1972), once a bailment for hire has been established and the bailor’s property is returned damaged, or is not returned, there is then a duty on the bailee to show that the loss occurred through no negligence of the bailee, and further evidence in explanation of the reasonableness of the care exercised by the bailee while the property was in its custody.
This is also a question of fact for the trial judge. The report contains evidence upon which the trial judge could make a finding that the bailee failed to use reasonable care while the motor vehicle was in the bailee’s custody.
These findings of fact are not reviewable by the court. Perry v. Hanover, 314 Mass. 167 (1943); Ryan v. Patterson, 34 Mass. App. Dec. 113 (1966).

Report dismissed.