Turcotte, P. J.
The complaint alleges breach of express warranty, breach of implied warranty, and a violation of M.G.L. c. 93A.
The defendant had installed a replacement engine for the plaintiff in an automobile on August 25,1982. The plaintiff returned to the defendant’s place of business on August 27,1982 after driving 35 miles complaining that the engine smoked and burned excessive amounts of oil and gasoline. An employee of the defendant then informed the plaintiff that the carburetorwas defective and was allowing excess gasoline into the cylinders which in turn washed away the oil. The employee warned the defendant not to drive the car as the engine would be ruined. The plaintiff did drive the car a distance of 16 miles and had the carburetor repaired by one not the defendant. The plaintiff continued to experience the same problems of smoke and excessive gasoline and oil consumption. On October 1,1982, the plain tiff was required to have the cylinders of the engine honed to correct rings that did not seat properly. The cost of this latter repair was the basis of the plaintiffs claim for damages.
An employee of the defendant testified that the defective rings and cylinders were caused by the plaintiff driving the car with a defective carburetor.
The plaintiff filed the following requests for rulings of law:
1. Where an automobile engine is sold and installed in a car and the engine is in defective condition such that it operated so poorly as to render it virtually useless, the seller has breached his implied warranty of merchantability. M. G. L. c. 106 § 2-314.
2. A material and substantial breach of warranty and a failure to fulfill obligations arising thereunder, either express or implied, gives the injured party a cause of aetion under G. L. 93A, § 9.
3. Where defendant is made aware of breaches of c. 93A in a demand letter and refuses-to grant the relief demanded, the judge may find such refusal was made ‘in bad faith with knowledge or reason to know that the act complained of violated [section 21.]’ entitling plaintiff to double or treble damages.
All requests were “Denied as not in accordance with the facts found.” The trial judge made findings including the following:
I find that the plaintiff ignored the warnings of the defendant;further operated the car damaging the engine replacement, and cancelling *26 any warranties for the defendant’s work of August 25, 1982. The defendant did not breach any warranty. Defendant’s actions do not amount to a violation or breach of G. L. 93A.
The plaintiff claims to be aggrieved by the denial of her requests, and the judge’s findings of fact aforementioned.
Bach of the defendant’s requests were properly denied as not applicable to the facts found by the trial j udge. A request for a ruling of law which is based on a fact assumed inconsistent with the facts found by the trial justice is properly denied since it is immaterial. Cataldo v. Hertz Corp., 51 Mass. App. Dec. 118 (1973) upheld 362 Mass. 830 (1973).
The plaintiffs final claim is that she is aggrieved by the judge’s findings of fact. “A party may claim a report to the Appellate Division only with respect to a ruling of law and not a finding of fact.” Butler v. Cromartie, 339 Mass. 4 at 6, (1959).
Action of the trial judge is affirmed and the Report dismissed.